IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
May 5, 2004 Session

## ROGER L. HICKMAN v. STATE OF TENNESSEE

**Appeal by permission from the Court of Criminal Appeals**
**Criminal Court for Knox County**
**Nos. 74318     Ray L. Jenkins, Judge**

---

**No. E2002-01916-SC-R11-PC - Filed September 22, 2004**

---

We granted Roger L. Hickman permission to appeal to consider whether the trial court and Court of Criminal Appeals erred in dismissing his habeas corpus petition. Hickman's petition, prepared with the aid of counsel, alleged that his 1986 misdemeanor conviction, for which he received a ten-day suspended sentence, is void because the judgment does not affirmatively indicate that Hickman was represented by counsel or that he waived his right to counsel. We hold that the trial court and Court of Criminal Appeals properly dismissed the petition. The petition failed to comply with the prescribed statutory form, failed to allege that Hickman is "imprisoned or restrained of his liberty," as required by Tennessee Code Annotated section 29-21-101 (2000), and failed to allege grounds for habeas corpus relief. Accordingly, we affirm the judgment of the Court of Criminal Appeals.

**Tenn. R. App. P. 11; Judgment of the Court of Criminal Appeals Affirmed**

FRANK F. DROWOTA, III, C. J., delivered the opinion of the court, in which E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Douglas A. Trant, Knoxville, Tennessee, for the appellant, Roger L. Hickman

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Gordon W. Smith, Associate Solicitor General; Randall E. Nichols, District Attorney General; and Zane M. Scarlett, Assistant District Attorney General, for the appellee, State of Tennessee

## OPINION

## I. Facts and Procedural History

On June 6, 1986, the petitioner, Roger L. Hickman, pleaded guilty in the Knox County General Sessions Court to possession of marijuana and received a ten-day suspended sentence and a fifty dollar fine. The certified copy of the judgment does not indicate whether Hickman was represented by counsel or waived his right to counsel that day.

Almost sixteen years later, on February 25, 2002, Hickman, by and through counsel, filed a habeas corpus petition in the Knox County Criminal Court challenging the validity of his 1986 conviction. Hickman's petition asserted that the 1986 conviction was void because the judgment did not affirmatively recite whether Hickman was represented by counsel or waived counsel. The petition sought to set aside the 1986 conviction "so [that] it may not be considered in a case in U.S. District Court." Finding that the grounds alleged, if true, rendered the conviction voidable, not void, the trial court dismissed the habeas corpus petition. Alternatively, the trial court concluded that, if treated as a petition for post-conviction relief, the petition was time-barred by the statute of limitations.

Hickman appealed, and in a split decision, the Court of Criminal Appeals affirmed the trial court's judgment. Emphasizing that the ten-day suspended sentence on the 1986 conviction had expired long before the habeas corpus petition was filed, the majority concluded that Hickman was not "imprisoned or restrained of his liberty" and therefore was not entitled to habeas corpus relief. The majority also pointed out that Hickman's petition failed to comply with the statutory form and failed to provide statutorily mandated information. See Tenn. Code Ann. § 29-21-107 (2000). Finally, in a footnote, the majority indicated that if the defendant is presently in federal custody, as he alleged in another case attacking his 1986 conviction, then he is barred from obtaining habeas corpus relief by Tennessee Code Annotated section 29-21-102, which provides that "[p]ersons committed or detained by virtue of process issued by a court of the United States, or a judge thereof . . . are not entitled to the benefits of this writ."

We granted the defendant's application for permission to appeal and now affirm the judgment of the lower courts dismissing the habeas corpus petition.

## II. Standard of Review

The determination of whether habeas corpus relief should be granted is a question of law. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). Accordingly, our review is de novo with no presumption of correctness accorded to the courts below. Id.

## III. Analysis

In Tennessee, two distinct procedural avenues are available to collaterally attack a final judgment in a criminal case -- habeas corpus and post-conviction petitions. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). The right to seek

habeas corpus relief is guaranteed by article I, section 15 of the Tennessee Constitution.[1] The procedures governing habeas corpus petitions are codified at Tennessee Code Annotated sections 29-21-101 through 29-21-130. This Court has previously acknowledged that "the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993) (citing Bateman v. Smith, 194 S.W.2d 336, 337 (1946)). Although there is no habeas corpus statute of limitations, the grounds upon which habeas corpus relief will be granted are narrow. Dixon v. Holland, 70 S.W.3d 33, 36 (Tenn. 2002); See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000); Archer, 851 S.W.2d at 164. Habeas corpus relief is proper only if the petition establishes that the challenged judgment is void, as opposed to merely voidable. Taylor, 995 S.W.2d at 83; Potts, 833 S.W.2d at 62. A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Ritchie, 20 S.W.3d at 630 (quoting Archer, 851 S.W.2d at 164 (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 336-37 (1868)). Furthermore, a sentence "imposed in direct contravention of a statute . . . is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000). When the habeas corpus petition fails to demonstrate that the judgment is void, a trial court may properly dismiss the petition without a hearing. Tenn. Code Ann. § 29-21-109 (2000); Dixon, 70 S.W.3d at 36.

A petition for post-conviction relief is the procedural avenue for attacking voidable judgments. Taylor, 995 S.W.2d at 83; State v. McClintock, 732 S.W.2d 268, 272 (Tenn. 1987). Recognizing the narrow scope of habeas corpus relief, in 1967 the Tennessee General Assembly enacted the Post-Conviction Procedures Act.[2] Post-conviction petitioners, unlike habeas corpus petitioners, may challenge convictions or sentences that are either void or voidable because of the abridgment of constitutional rights. Tenn. Code Ann. § 40-30-103 (2003); Taylor, 995 S.W.2d at 83; Potts, 833 S.W.2d at 62. "A voidable conviction or sentence is one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). A one-year statute of limitations applies to post-conviction petitions. Tenn. Code Ann. § 40-30-102 (2003). Having briefly reviewed these distinct procedural avenues, we will address the issues raised in this appeal.


**A. Procedural Requirements for Petition for Writ of Habeas Corpus**

Tennessee Code Annotated section 29-21-107(a) provides that habeas corpus petitions must be signed and verified by affidavit. This statute further requires the petition to state:

---

[1] Article I, section 15 of the Tennessee Constitution provides that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it."

[2] See 1967 Tenn. Pub. Acts ch. 310. The 1967 Act was amended in its entirety in 1995 by the General Assembly, See 1995 Tenn. Pub. Acts. ch. 207, 81, and is now codified at Tennessee Code Annotated sections 40-30-101 through 40-30-122.

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

Tenn. Code Ann. § 29-21-107(b) (2000). Hickman's petition failed to comply with this statute. The petition, prepared and filed by counsel on Hickman's behalf, states in its entirety as follows:

> Comes the Petitioner, Roger L. Hickman, by and through counsel, Douglas A. Trant, to petition for a writ of habeas corpus concerning his conviction in the Knox County Sessions Court for Knox County, Tennessee in case number 72333 G wherein he was convicted of simple possession of marijuana. A certified copy of the conviction is attached and is void on its face because the conviction does not state that he had counsel nor did he waive counsel. Waiver of the constitutional right of counsel cannot be presumed from a silent record. Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed. 2d 319 (1967) and Baldassar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed. 2d 169 (1980).

As the Court of Criminal Appeals noted, Hickman's petition was not verified by affidavit, failed to name the restraining authority and the place of restraint, failed to state whether the legality of the restraint had been previously adjudicated, and failed to state whether previous applications for the writ had been made. However, the State did not move to dismiss the petition for failure to comply with Code section 107, nor did the trial court dismiss the petition for procedural noncompliance.

As previously explained, the procedural requirements of the habeas corpus statutes "are mandatory and must be followed scrupulously." Archer, 851 S.W.2d at 165; Bateman, 194 S.W.2d at 337. A habeas corpus court may properly choose to dismiss a petition for failing to comply with

the statutory procedural requirements; however, dismissal is not required.[3]  The habeas corpus court may instead choose to afford the petitioner an opportunity to comply with the procedural requirements, or the habeas corpus court may choose to adjudicate the petition on its merits.  See Tenn. Code Ann. § 29-21-109 (2000) ("If, from the showing of the petitioner, the plaintiff would not be entitled to any relief, the writ may be refused, the reasons for such refusal being briefly endorsed upon the petition, or appended thereto.") (emphasis added).

In  this case, the State did not move to dismiss Hickman's petition for procedural noncompliance even though it was prepared and filed by counsel.  Likewise, the trial court chose to adjudicate the petition on its merits and certainly acted within its discretion in doing so.  Thus, we decline to base our decision to dismiss the petition upon the petitioner's failure to comply with the statutory procedure and will instead consider the petition on its merits

## B. Restraint of Liberty

Hickman argues that the lower courts erred in concluding that he is not entitled to habeas corpus relief because he is neither "imprisoned" nor "restrained of liberty" by his 1986 conviction.  Hickman asserts that the use of his 1986 conviction to enhance his federal sentence restrains his liberty.  We disagree.

Tennessee Code Annotated section 29-21-101 (2003), provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint"  (emphasis added.)   The statute does not define the terms "imprisoned" and "restrained of liberty."  When construing statutes, this Court ascertains and effectuates legislative intent.  Dixon, 70 S.W.3d at 37.  Legislative intent is derived from the plain and ordinary meaning of the statutory language.  Id.  When the meaning of the language is unclear, the entire statutory scheme must be examined to determine legislative intent and purpose.  Id.  The ordinary meaning of the term "imprisoned" is clear.  To "imprison" is "to confine (a person) in prison."  Black's Law Dictionary 760 (7th ed. 1999).  Plainly, then, "imprisoned" in this statute refers to actual physical confinement or detention.

Unlike "imprisonment," the meaning of "restrained of liberty" is not limited to physical confinement or detention. The United States Supreme Court has stated: "History, usage, and

---

[3]See State ex rel. Goss v. Heer, 413 S.W.2d 688, 693 (1967) (stating that "it is proper to dismiss a petition when the petitioner fails to comply with the mandatory provisions of the [the statute]"); Johnson v. Russell, 404 S.W.2d 471, 473 (1966) ("Therefore, purely for this technical reason [failure to annex a copy of the legal process or judgment] the petition for habeas corpus should be denied . . . ."); State ex rel Reed v. Heer, 403 S.W.2d 310, 313 (1966) (noting that the petitioner had failed to comply with the mandatory provisions of the statute, but resolving the case on the merits); State ex rel. Wood v. Johnson, 393 S.W.2d 135, 136 (1965) (stating that "the failure to comply with [the statute] may be grounds for dismissing the petition"); State ex rel. Allen v. Johnson, 394 S.W.2d 652, 653 (1965) (stating that "the trial judge was correct in dismissing the petition for failure to comply with [the statute]"); State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291 (Tenn.1964) ("[T]he petition . . . did not comply with the provisions of [the statute], and for that reason alone, it could have properly been dismissed as insufficient.").

precedent can leave no doubt that, besides physical imprisonment, there are other restraints on a [person's] liberty, restraints not shared by the public generally, which have been thought sufficient in the English-speaking world to support the issuance of habeas corpus." Jones v. Cunningham, 371 U.S. 236, 240 (1963). This Court has also recognized that a person may be "restrained of liberty" and entitled to seek habeas corpus relief even when not physically confined. State ex rel Dillehay v. White, 398 S.W.2d 737 (Tenn. 1966). Dillehay challenged the legality of her restraint under a judgment committing her to the Maury County jail to work off the fine and costs imposed in her criminal case. Id. at 738. The trial judge dismissed the petition but released Dillehay on her own recognizance pending appeal; however, the bond prohibited Dillehay from leaving Maury County. Id. Dillehay appealed, and the State argued that, because Dillehay was no longer physically confined in jail, her appeal was moot. Id. This Court disagreed, stating:

> Although she is not being held in jail, she is, nevertheless, restricted in her liberty to Maury County pending this appeal and is subject to immediate confinement should her appeal be dismissed. By grace of the trial judge she is now at liberty, but upon her violation of her confinement to Maury County she could be placed in jail again. Habeas corpus, if otherwise proper, can reach this constructive confinement.

Id. (citing Jones v. Cunningham, 371 U.S. 236 (1963)). Thus, Dillehay stands for the proposition that, when the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement, the petitioner is entitled to seek habeas corpus relief, even though the petitioner is not physically confined or detained. See also Jones, 371 U.S. at 243 ("While petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom . . . ."); Wales v. Whitney, 114 U.S. 564, 572 (1885) ("There must be [either] actual confinement or the present means of enforcing it."); 39 Am. Jur. 2d Habeas Corpus, § 17 (1999) ("Any restraint that precludes freedom of action . . . is sufficient, notwithstanding lack of confinement in a jail or prison, as, for example, a restraint that consists in forbidding a man to leave the city and keeping him under the surveillance of an officer, or the restraint that exists by virtue of the conditions of parole or probation.")

However, when the restraint on a petitioner's liberty is merely a collateral consequence of the challenged judgment, habeas corpus is not an appropriate avenue for seeking relief. In Maleng v. Cook, 490 U.S. 488 (1989), the United States Supreme explained this distinction.

> The question presented by this case is whether a habeas petitioner remains "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not. While we have very liberally construed the "in custody" requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction. Since almost all states have habitual offender statutes, . . . a contrary ruling would mean that a petitioner whose sentence has completely expired could nonetheless challenge the conviction for

which it was imposed at any time on federal habeas. This would read the "in custody" requirement out of the statute . . . .

Id. at 492. Even though the language of the federal habeas corpus statute differs somewhat from the language of the Tennessee statute, we agree with Maleng's analysis on this issue. Indeed, this analysis is consistent with the history and usage of the writ of habeas corpus, prior decisions of this court, and the overall statutory scheme governing the writ of habeas corpus in Tennessee. Accordingly, we hold that a person is not "restrained of liberty" for purposes of the habeas corpus statute unless the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement. Use of the challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint of liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired.[4]

Hickman has not alleged that he presently is serving the ten-day suspended sentence imposed for his 1986 conviction in the Knox County General Sessions Court. Thus, Hickman clearly is not "imprisoned" under the challenged judgment. Furthermore, Hickman is not "restrained of liberty" as a direct consequence of the 1986 judgment. Indeed, the ten-day sentence has long ago expired, and the General Sessions judgment does not impose any further restraint upon his physical movement or action. Although this 1986 conviction may have been used to enhance a federal sentence Hickman is serving, enhancement is merely a collateral consequence of the 1986 judgment.[5] Thus, Hickman is not "restrained of liberty" for purposes of the habeas corpus statute. Furthermore, as explained below, the trial court correctly held that Hickman's 1986 judgment is not void on its face

**C. Void or Voidable**

Hickman's petition alleges that the 1986 judgment is void because it does not affirmatively indicate that he was represented by counsel or that he waived his right to counsel when he pleaded

---

[4]We note, as did the Court of Criminal Appeals, that the language "imprisoned or restrained of liberty" used in Tennessee Code Annotated section 29-21-101 (2000), the habeas corpus statute, is not co-extensive with the "person in custody" language of Tennessee Code Annotated section 40-30-102 (2003) of the Post-Conviction Procedure Act. The language "in custody" has long been broadly construed to permit persons to collaterally challenge, by means of a post-conviction petition, a judgment of conviction that later may be used to enhance a sentence on another conviction. Such challenges have been allowed even if the sentence on the challenged conviction has been served or has expired at the time the post-conviction petition is filed. See McCraw v. State, 551 S.W.2d 692, 694 (Tenn. 1977); Albert v. State, 813 S.W.2d 426, 427 (Tenn. 1991). Accordingly, Hickman may be "in custody" for purposes of the Post-Conviction Procedures Act, but he is neither "imprisoned" nor "restrained of liberty" for purposes of seeking habeas corpus relief.

[5]Because Hickman's petition does not indicate his place of confinement and because this case may be resolved on other grounds, we need not consider whether the Court of Criminal Appeals erred by implying in a footnote that Tennessee Code Annotated section 29-21-102 precludes persons in federal custody from seeking habeas corpus relief from Tennessee judgments.

guilty to misdemeanor possession of marijuana. The State responds that the judgment is not facially invalid because the judgment does not show that the convicting court was without jurisdiction or authority to accept the plea and to sentence the defendant. We agree with the State.

As previously indicated, "the grounds upon which habeas corpus relief will be granted are narrow." Dixon, 70 S.W.3d at 36. Habeas corpus is a vehicle for attacking a judgment that is void on its face. Ritchie, 20 S.W.3d at 630. "'[A] void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.'" Id. (quoting Taylor, 995 S.W.2d at 83). In contrast, a voidable judgment "is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." Id. at 633. Thus, "[i]n all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." Ritchie, 20 S.W.3d at 633.

The judgment in this case is not facially invalid because the judgment does not show that the convicting court was without jurisdiction or authority to accept the plea and to sentence Hickman. The copy of the judgment attached to Hickman's petition demonstrates that the General Sessions Court had both subject matter and personal jurisdiction. The warrant charged Hickman with possession of marijuana on May 5, 1986, a misdemeanor offense[6] over which the General Sessions Court had subject matter jurisdiction.[7] Because the General Sessions Court is a court of limited jurisdiction,[8] jurisdictional facts must affirmatively appear upon the record. See Ritchie, 20 S.W.3d at 631n.14; McClintock, 732 S.W.2d at 270-71. Here, those facts appear: the warrant reflects that Hickman entered a written guilty plea, requested a trial on the merits in General Sessions Court, and expressly waived his right to indictment, presentment, grand jury investigation, and jury trial. Because the judgment plainly states the essential facts establishing the court's jurisdiction, the judgment is entitled to a presumption of regularity. Id.

The judgment's silence as to whether the petitioner was represented by counsel or waived the right to counsel does not defeat the presumption of regularity and render the judgment void.[9] Prior decisions of this Court clearly indicate that the presumption of regularity applies unless a defect appears on the face of the judgment. For example, in McClintock, this Court noted that, a conviction should be considered void on its face when "the record affirmatively reveal[s] that the defendant had neither been represented by counsel nor waived his right to counsel . . . ." 723 S.W.2d at 273 (citing Baldasar v. Illinois, 446 U.S. 222 (1980)) (emphasis added). We pointed out that the Post-

---

[6]See Tenn. Code Ann. § 39-6-417(b) (1982 & 1986 Supp.).

[7]See Tenn. Code Ann. § 40-1-109 (1982 & 1986 Supp.).

[8]See Ware v. Meharry Med. College, 898 S.W.2d 181, 183-84 (Tenn. 1995).

[9]For purposes of this appeal, we assume without deciding that Hickman had a right to the assistance of counsel when he pleaded guilty to a misdemeanor in 1986.

Conviction Procedures Act is the proper avenue for challenging facially valid judgments. <u>Id.</u> at 274. Similarly, in <u>Ritchie</u>, this Court denied habeas corpus relief and held that a conviction is void on its face only when the face of the judgment or the record of the proceedings "clearly and indisputably" reflects that the court of conviction lacked territorial jurisdiction. 20 S.W.3d at 633. Thus, this Court's prior decisions stand for the proposition that a judgment is entitled to a presumption of regularity and is not void unless a defect appears on the face of the judgment. These prior decisions do not support Hickman's argument that a judgment is facially void <u>unless</u> it affirmatively recites that the defendant was represented by counsel or waived the right to counsel.

Furthermore, we have considered the cases Hickman relies upon and find them readily distinguishable. For example, in <u>Baldasar v. Illinois</u>, 446 U.S. 222 (1980), the record affirmatively revealed that the defendant had neither been represented by counsel nor waived the right to counsel. <u>Id.</u> at 223; <u>McClintock</u>, 732 S.W.2d at 273 (noting this distinction). Similarly, in <u>Burgett v. Texas</u>, 389 U.S. 109 (1967), the evidence of the prior Tennessee conviction included two "records," one reciting that the accused appeared "'without Counsel,'" and the other making no reference to counsel. <u>Id.</u> at 112. Given these two records, one affirmatively reciting that the defendant <u>did not</u> have counsel and the other silent as to whether the defendant had counsel or waived counsel, the Supreme Court concluded that the "records of the Tennessee conviction <u>on their face raise a presumption that petitioner was denied his right to counsel in the Tennessee proceeding</u>, and therefore that his conviction was void." <u>Id.</u> at 114 (emphasis added). Centrally important to the <u>Burgett</u> holding, then, was the affirmative statement that the defendant had appeared "without Counsel." In light of this facial defect, the United States Supreme Court simply refused to presume a valid waiver of the right to counsel from the other Tennessee record, which was silent as to counsel.

The limited scope of the <u>Burgett</u> holding was confirmed by the Supreme Court's decision in <u>Parke v. Raley</u>, 506 U.S. 20 (1992). In <u>Parke</u> a state prisoner sought to vacate his Kentucky sentence, arguing that the prior convictions used to enhance his sentence were not knowingly and voluntarily entered because he had not been advised of his rights under <u>Boykin v. Alabama</u>, 395 U.S. 238 (1969). Certified copies of the prior convictions did not affirmatively show that Raley had been advised of his <u>Boykin</u> rights, and transcripts of the plea proceedings were not available. In rejecting Raley's claim, the Court first distinguished <u>Boykin</u>, which stands for the proposition that the government must ordinarily create a record affirmatively showing that a guilty plea was knowing and voluntary, explaining:

> <u>Boykin</u> involved direct review of a conviction allegedly based upon an uninformed guilty plea. Respondent, however, never appealed his earlier convictions. They became final years ago, and he now seeks to revisit the question of their validity in a separate recidivism proceeding. To import <u>Boykin's</u> presumption of invalidity into this very different context would, in our view, improperly ignore another presumption deeply rooted in our jurisprudence: the "presumption of regularity" that attaches to final judgments, even when the question is waiver of constitutional rights.

Parke, 506 U.S. at 29 (internal citations omitted). The Court squarely rejected Raley's claim that Burgett supported "the proposition that every previous conviction used to enhance punishment is 'presumptively void' if waiver of [any] claimed constitutional right does not appear from the face of the record." Parke, 506 U.S. at 31. The Court refused to "read the decision so broadly" and limited Burgett to its proper historical and procedural context, stating:

> [a]t the time the prior conviction at issue in Burgett was entered, state criminal defendants' federal constitutional right to counsel had not yet been recognized, and so it was reasonable to presume that the defendant had not waived a right he did not possess. . . . [T]he same cannot be said about a record that, by virtue of its unavailability on collateral review, fails to show compliance with the well-established Boykin requirements.

Id. at 31. The Court concluded:

> On collateral review, we think it defies logic to presume from the mere unavailability of a transcript . . . that the defendant was not advised of his rights. In this situation, Boykin does not prohibit a state court from presuming, at least initially, that a final judgment of conviction offered for purposes of sentencing enhancement was validly obtained.

Id. at 30. Thus, neither Baldasar nor Burgett support Hickman's claim that a judgment is void unless it affirmatively recites that the defendant had counsel or waived counsel. The United States Supreme Court's decision in Parke supports the opposite conclusion. See also United States v. Jones, 332 F.3d 688 (3rd Cir. 2003); United States v. Gray, 177 F.3d 86 (1st Cir. 1999); Nicely v. Commonwealth, 490 S.E.2d 281 (Va. Ct. App. 1997). These decisions affirm the presumption of regularity that has long been applied in habeas corpus proceedings in Tennessee. Furthermore, our research has revealed no Tennessee habeas corpus case holding that a judgment is void unless it fails to affirmatively recite that the defendant had counsel or waived the right to counsel. We also decline to adopt such a rule and instead reaffirm the well-settled principle that a judgment is void only if the face of the judgment or the record of the proceedings clearly reflects that the court lacked jurisdiction to render the judgment or that the sentence has expired. Ritchie, 20 S.W.3d at 633.

Returning to the record in this case, we conclude that the judgment is not void on its face and is instead entitled to the presumption of regularity. The judgment contains a blank line where defense counsel is ordinarily listed, and the pre-printed "Waiver of Attorney" was not signed by the defendant. This judgment does not clearly reflect that the defendant was denied the right to counsel. The judgment is merely silent. Additional information outside the judgment would be needed to establish that Hickman in fact was not represented by counsel. As we previously stated, where additional proof is needed, the judgment is at most voidable, rather than void, and a post-conviction petition is the proper method for attacking a voidable judgment. Taylor, 995 S.W.2d at 83; McClintock, 732 S.W.2d at 272. Thus, Hickman is not entitled to habeas corpus relief. Furthermore, the trial court correctly concluded that, if viewed as a post-conviction petition,

Hickman's petition is time-barred by the statute of limitations.  <u>See</u> Tenn. Code Ann. § 40-30-102 (1990) (repealed 1995); <u>Abston v. State</u>, 749 S.W.2d 487 (Tenn. Crim. App. 1988).

### IV. Conclusion

For these reasons, Hickman is not entitled to relief on his habeas corpus claim.  Accordingly, the judgment of the Court of Criminal Appeals is affirmed.  Costs of this appeal are taxed to the petitioner, Roger L. Hickman, for which execution may issue if necessary.

---------------------------------------------------

FRANK F. DROWOTA III,
CHIEF JUSTICE