# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## JESSIE D. McDONALD v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 1973-B-317    J. Randall Wyatt, Judge**

---

**No. M2004-02197-CCA-R3-HC - Filed January 12, 2005**

---

In 1973, Appellant, Jessie D. McDonald, was convicted, following a jury trial, of the offense of obtaining property by false pretenses. Appellant filed a petition for writ of habeas corpus in the Criminal Court of Davidson County, Tennessee in May 2004, attacking his conviction. According to his petition, the sentence for the conviction expired in May 1979. Upon direct appeal from the conviction, the Court of Criminal Appeals reversed the conviction. However, the Supreme Court of Tennessee reversed the Court of Criminal Appeals and reinstated the judgment. *See State v. McDonald*, 534 S.W.2d 650 (Tenn. 1976). Appellant has appealed from the trial court's summary dismissal of his petition for writ of habeas corpus relief. The State has filed a motion for this court to affirm the dismissal pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. Finding merit in the motion, we grant same and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court**
**Affirmed Pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Jessie D. McDonald, Nashville, Tennessee, *pro se*.

Paul G. Summers, Attorney General and Reporter; Preston Shipp, Assistant Attorney General; Victor S. (Torry) Johnson III, District Attorney General; and Kathy Morante, Assistant District Attorney General, for the appellee, the State of Tennessee.

## MEMORANDUM OPINION

Although the petition for writ of habeas corpus relief generally alleges that Appellant, Jessie D. McDonald, is "being illegally restrained of his liberty," it does not state that he is presently in custody pursuant to the judgment he is attacking. The only specific allegation regarding detrimental consequences of the conviction is an allegation that the conviction has caused Appellant to be "unjustly discriminated against and deprived of the right to pursue a productive career as an educator

and engineer." He alleges that he has obtained various degrees, including a bachelor of science in civil engineering, a master's degree in administration and supervision, an educational specialist degree, and a doctoral degree in education.

As recently stated by our Supreme Court in *Torian Benson v. State*, ____ S.W.3d ____, No. W2002-02756-SC-R11-CO, 2004 WL 2904142, at *3 (Tenn. Dec. 16, 2004), "[a] statutory prerequisite for eligibility to seek habeas corpus relief is that the petitioner must be 'imprisoned or restrained of liberty' by the challenged convictions."

While the phrase "restraint of liberty" has included any limitation placed upon a person's freedom of action, such as restraints that are conditions of parole or probation, *id.*, "when the restraint on a petitioner's liberty is merely a collateral consequence of the challenged judgment, habeas corpus is not an appropriate avenue of seeking relief," *Roger L. Hickman v. State*, ____ S.W.3d ____, No. E2002-01916-SC-R11-PC, 2004 WL 2563267, at *4 (Tenn. Sept. 2, 2004).

Thus, when the sentence imposed has fully expired prior to the filing of the petition for writ of habeas corpus, and the conviction merely causes a collateral consequence such as an impediment to gainful employment, adequate grounds to grant habeas corpus relief do not exist. *Benson*, 2004 WL 2904142, at *4.

Accordingly, the Appellant's petition for writ of habeas corpus was appropriately summarily dismissed by the trial court.

## CONCLUSION

The judgment rendered by the trial court in this case, dismissing the petition for writ of habeas corpus, was in a proceeding before the trial court without a jury and was not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. Furthermore, no error of law requiring a reversal of the judgment is apparent on the record. Accordingly, the judgment of the trial court is affirmed pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals.

_____
THOMAS T. WOODALL, JUDGE