IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs November 16, 2004

## ANDRE MAYFIELD v. HOWARD CARLTON, Warden

**Direct Appeal from the Criminal Court for Johnson County**
**No. 4385     Lynn W. Brown, Judge**

_____

**No. E2004-01561-CCA-R3-HC - Filed February 18, 2005**

_____

The Defendant, Andre Mayfield, filed for a writ of habeas corpus, seeking to invalidate several convictions he obtained in 1989. The State responded by filing a motion to dismiss. The trial court granted the State's motion and this appeal followed. We affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA MCGEE OGLE, JJ., joined.

Andre Mayfield, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; and Joe Crumley, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant pled guilty in 1989 to robbery, receiving stolen property, and burglary. The Defendant received concurrent five-year sentences for the first two of these offenses and a consecutive three-year term for the burglary, resulting in an effective sentence of eight years. In 1999, a jury convicted the Defendant of two counts of aggravated kidnapping, one count of aggravated robbery, one count of aggravated rape, and one count of rape. For these crimes, the Defendant received an effective sentence of fifty years. His sentences for these crimes were enhanced on the basis of his 1989 convictions. The Defendant is currently incarcerated under the sentences he received for the 1999 convictions.

In April 2004, the Defendant filed a petition for a writ of habeas corpus, seeking thereby to invalidate his 1989 convictions.[1] The Defendant claims that the sentences ordered to be served on the 1989 convictions were illegal and that the judgments are therefore void. The State responded by filing a motion to dismiss, pointing out that the Defendant was no longer "restrained of his liberty" pursuant to the convictions being challenged, and that habeas corpus relief was therefore not available. The trial court found the State's motion to be well-taken and dismissed the Defendant's petition without further proceedings. The Defendant now appeals. We find no error in the trial court's disposition of this matter.

Our statutes provide that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." Tenn. Code Ann. § 29-21-101 (emphasis added). However, as our supreme court has recently reiterated:

> the grounds upon which habeas corpus relief will be granted are narrow. Habeas corpus relief is proper only if the petition establishes that the challenged judgment is void, as opposed to merely voidable. A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Furthermore, a sentence "imposed in direct contravention of a statute . . . is void and illegal." When the habeas corpus petition fails to demonstrate that the judgment is void, a trial court may properly dismiss the petition without a hearing.

Hickman v. State, __ S.W.3d __, __, 2004 WL 2563267, at *1 (Tenn. 2004) (citations omitted).

In response to the Defendant's claim for relief, the State contends that the Defendant is no longer imprisoned or restrained of his liberty pursuant to the sentences that he received for the 1989 convictions which he is challenging. Accordingly, the State asserts, the Defendant is not entitled to seek habeas corpus relief with respect to those convictions.

---

[1] The Defendant actually filed two petitions seeking habeas corpus relief in April 2004. The second petition challenged the Defendant's 1999 convictions. For reasons not apparent from the record, these two petitions were docketed under the same case number. However, the State responded only to the petition addressing the 1989 convictions. Likewise, the trial court disposed of only the petition addressing the 1989 convictions. Initially, the Defendant sought review in this appeal of the trial court's failure to address his second April 2004 petition. However, in July 2004, the Defendant filed a third petition raising the same concerns about his 1999 convictions that he raised in his second April 2004 petition. The Defendant has also indicated in his "Reply to Appellee Motion for Post-Judgement Fact" that he wishes to withdraw from this Court's consideration the trial court's failure to rule on the second April 2004 petition. Accordingly, in this appeal we confine our review to the Defendant's initial April 2004 petition which seeks to invalidate his 1989 convictions.

We agree. The Defendant argues that the sentences under which he is currently incarcerated (for the 1999 convictions) were enhanced by his 1989 convictions, and that he is therefore entitled to seek relief. Our supreme court has rejected this contention however, holding that

> a person is not "restrained of liberty" for purposes of the habeas corpus statute unless the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement. Use of the challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint of liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired.

Hickman, __ S.W.3d at __, 2004 WL 2563267, at *5.

The Defendant was sentenced to an effective term of eight years for his 1989 convictions. Those sentences have long since expired. The Defendant is no longer imprisoned or restrained of his liberty as a result of his 1989 convictions, and he is therefore not entitled to seek habeas corpus relief thereupon. The Defendant's claim is without merit.

We affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE