# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## DERRICK SAWYERS v. KEVIN MYERS, WARDEN

### Appeal from the Circuit Court for Wayne County
### No. 13593     Robert L. Jones, Judge

---

### No. M2004-03040-CCA-R3-HC- Filed April 22, 2005

---

The Defendant, Derrick Sawyers, appeals from the trial court's dismissal of his petition seeking habeas corpus relief.  The State has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The State's motion is granted.  The judgment of the trial court is affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Tenn. Ct. Crim. App. R.

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Derrick Sawyers, Clifton, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; David Edward Coenen, Assistant Attorney General; and Mike Bottoms, District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The Defendant, Derrick Sawyers, pleaded guilty in 1996 to second degree murder, possession of more than .5 grams of cocaine with intent to sell, and possession of less than .5 grams of cocaine with intent to sell.  See Derrick Sawyers v. State, No. 01C01-9806-CR-00254, 1999 WL 298313 (Tenn. Crim. App., Nashville, May 13, 1999).  The Defendant received an agreed sentence of twenty-five years for the murder conviction, a concurrent eight-year sentence for one of the cocaine convictions and a consecutive three-year sentence for the other cocaine conviction.

He filed his most recent habeas corpus petition in September of 2004.  In the petition, the Defendant referenced prior habeas corpus petitions, but did not file copies of the petitions and proceedings thereon as required by the habeas corpus statute.  See Tenn. Code Ann. § 29-21-107(a)(4).  The State filed a motion to dismiss the petition because the procedural requirements of

the statute had not been met. The trial court granted the State's motion to dismiss. It is from the order dismissing the petition that the Defendant appeals.

The State has moved this Court to affirm the judgment of the trial court because the Defendant failed to comply with the mandatory requirements of Tennessee Code Annotated section 29-21-107. Our Supreme Court has recently confirmed that the procedural requirements of our habeas corpus statutes are mandatory and must be followed scrupulously. See Hickman v. State, 153 S.W. 3d 16, 21 (Tenn. 2004). A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements. Id. In response to the State's Rule 20 Motion in this Court, the Defendant filed a motion to withdraw his appeal, in which he concedes that the State's motion has merit.

We agree that the trial court did not err by dismissing the petition for habeas corpus relief without a hearing. The judgment in this case was in a proceeding before the trial court without a jury, the judgment is not a determination of guilt, and the evidence does not preponderate against the finding of the trial court that the petition should be dismissed. Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

 

_____
DAVID H. WELLES, JUDGE