# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## KENYA DAVIS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 78866     Ray Jenkins, Judge**

---

**No. E2004-02053-CCA-R3-HC - Filed May 23, 2005**

---

The petitioner, Kenya Davis, appeals from the trial court's order dismissing his petition for writ of habeas corpus. The state has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The petitioner has failed to establish that he is entitled to habeas corpus relief.  Accordingly, the state's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and NORMA MCGEE OGLE, J.J., joined.

Albert Newman, Jr., Knoxville, Tennessee, for the Appellant, Kenya Davis.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Randall E. Nichols, District Attorney General; Zane Scarlett, Assistant District Attorney General, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

The record reflects that the petitioner pleaded guilty and was convicted of misdemeanor theft on December 10, 1991.  He received a six month sentence, suspended except for sixteen days served. The petitioner asserts that in December 1990, he further pleaded guilty to three misdemeanor larceny charges for which he states suspended time-served sentences were also imposed.  No direct appeals were taken.  On January 20, 2004, the petitioner filed a pro se petition for writ of habeas corpus. At the outset, the petitioner stated that he is presently serving a federal sentence that he asserts was enhanced as a result of his state court convictions.  The petitioner claimed that he entered his guilty pleas without the advice of counsel or plea agreements, that he was not advised of his constitutional rights, the nature of the charges or the punishment before entering the pleas, and that the indictments or warrants were constitutionally defective.  The trial court appointed counsel to the petitioner, but no amended petition was filed.  On August 19, 2004, the trial court summarily dismissed the petition. The petitioner, through counsel, timely appealed.

Initially, we agree with the state that the petition is subject to dismissal for failure to meet the statutory requirements for pursuing state habeas corpus relief. See T.C.A. §§ 29-21-101 - 29-21-130. The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993). Other than that convicting him for theft, the petitioner did not attach to his petition copies of the challenged judgments or give a satisfactory reason for their absence. See T.C.A. § 29-21-107(b)(2). The petitioner further fails to state whether the legality of the restraint has or has not been previously adjudged and whether or not previous applications for habeas corpus relief have been made. See T.C.A. § 29-21-107(b)(3), (4).

Before this court the petitioner argues only that he is being "restrained" by his Tennessee judgments for habeas corpus purposes by virtue of the fact that they are being used to enhance the federal sentence he is presently serving. Our supreme court has expressly rejected this argument. In Hickman v. State, 153 S.W.3d 16, 17 (Tenn. 2004), the court held:

> [A] person is not "restrained of liberty" for purposes of the habeas corpus statute unless the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement. Use of the challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint of liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired

As noted, while all of the challenged judgments have not been provided, it would appear that the petitioner's purported misdemeanor sentences imposed in 1990 and 1991 are fully expired. In short, the petitioner has made no showing that he is currently imprisoned or restrained of his liberty within the meaning of Code section 29-21-101. Moreover, the petitioner's claims do not merit relief because even if proven, they would render the judgments voidable rather than void and are thus properly the subject of a petition for post-conviction relief. However, construing the petition as one for post-conviction relief in the present case is not an option because the three-year limitations period in effect under the former post-conviction procedure act has expired. See T.C.A. § 40-30-102 (1990)(repealed). For each of these reasons, the trial court properly dismissed the petition.

Upon due consideration of the pleadings, the record, and the applicable law, the court concludes that the petitioner has not established that he is entitled to habeas corpus relief. Accordingly, the state's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JAMES CURWOOD WITT, JR.