# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## XAVIER S. TODD v. STATE OF TENNESSEE, COUNTY OF SHELBY AND DISTRICT ATTY. GENERAL PAUL SUMMERS

**Appeal from the Criminal Court for Shelby County**
**No. 88-05022; 88-05126; 88-05254; 89-00840; 89-00928   Bernie Weinman, Judge**

**No. W2005-00681-CCA-R3-HC  - Filed September 16, 2005**

The Petitioner, Xavier S. Todd, appeals the trial court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.   After review, we conclude that the Petitioner is statutorily prohibited from seeking state habeas corpus relief as he is in federal custody and is being restrained under an order of a federal court.  Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Xavier S. Todd, pro se.

Paul G. Summers, Attorney General & Reporter; Brian Clay Johnson, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On January 9, 1989, Petitioner Xavier Todd entered guilty pleas to one count of burglary of an automobile, one count of assault with intent to commit first degree murder, and one count of grand larceny. The trial court imposed an effective sentence of five years in the local workhouse for these convictions.  Three months later, on March 3, 1989, the Petitioner entered a guilty plea to one count of burglary of an automobile and two counts of grand larceny.  The trial court imposed an effective sentence of three years to be served in the local workhouse. The court further ordered these

1

sentences to be served concurrently with the effective five-year sentence imposed on January 9, 1989. On June 30, 1989, the Petitioner entered a guilty plea to attempt to commit third degree burglary. The trial court imposed a two-year sentence to be served in the local workhouse. The court further ordered this two-year sentence to be served concurrently with the Petitioner's outstanding sentences. On July 9, 1998, Petitioner Xavier Todd entered a guilty plea to driving while declared a habitual motor vehicle offender. For this offense, Petitioner was sentenced to serve two years in the county workhouse.

On October 4, 2004, the Petitioner filed a petition for habeas corpus relief in the Shelby County Criminal Court. As basis for relief, the Petitioner alleged that his sentences were ordered to be served concurrently in direct contravention of section 40-20-111, Tennessee Code Annotated, and Rule 32(C)(3)(c), Tennessee Rules of Criminal Procedure, and, such sentences are rendered void. Specifically, Petitioner contends that his convictions for assault with intent to commit murder, breaking and entering, two counts of burglary of an automobile, and attempt to commit third degree burglary were committed while he was released on bond. The trial court entered an order on January 27, 2005, summarily denying habeas relief.[1] Petitioner Todd filed a notice of appeal document on March 2, 2005.[2] The Petitioner is currently confined at a federal correctional facility in Memphis.

In its motion for affirmance under Rule 20, Rules of the Tennessee Court of Criminal Appeals, the State submits that (1) the Petitioner is not being imprisoned or restrained of his liberty by the State of Tennessee or any agent thereof and (2) the Petitioner's sentences expired long before he sought habeas corpus relief. The State also asserts that the Petitioner failed to satisfy the mandatory requirements of section 29-21-107, Tennessee Code Annotated. The Petitioner has responded in opposition to the State's motion, making numerous allegations that the State is "wasting the Court's time," "harassing the petitioner," and "knowingly presenting materially false information to this Honorable Court." Additionally, Petitioner maintains that challenge to his "void" convictions is viable even though his sentences have long since expired.

---

[1] The State asserts that the date on the trial court's order is largely illegible and subject to various interpretations, including "1-27-05, 2-7-05, and 12-7-05." The date prescribed in the body of the court's written order is January 27, 2005. The Petitioner asserts that the order was entered January 27, 2005. Thus, we will presume the filing date as January 27, 2005.

[2] With consideration that the final order was entered on January 27, 2005, we conclude that the Petitioner had until February 28, 2005, in which to file a notice of appeal document. Although the notice of appeal document was not filed by the trial court clerk until March 2, 2005, it appears that the notice of appeal document was signed by Petitioner on February 9, 2005, and delivered from the place of the Petitioner's confinement at a similar time. *See* Tenn. R. Crim. P. 49(c) (papers prepared by pro se incarcerated litigant deemed filed at the time papers delivered to appropriate individual at correctional facility). While we are absent proof of the delivery date to the appropriate correctional facility employee, we conclude that, regardless of the date and as the State does not contend that the notice of appeal document is untimely, we conclude that justice would require waiver of the timely filing of the notice of appeal document in the present case. *See* Tenn. R. App. P. 4(a).

Tennessee's habeas corpus law is statutory and begins with the following provision:

> Any person imprisoned or restrained of his liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint.

Tenn. Code Ann. § 29-21-101. The exception referred to in the above section provides as follows: Persons committed or detained by virtue of process issued by a court of the United States, or a judge thereof, in cases where such judges or courts have exclusive jurisdiction under the laws of the United States, or have acquired exclusive jurisdiction by the commencement of suits in such courts, are not entitled to the benefits of this writ.

*Id.* § 29-21-102. This statute provides that a state judge has no authority to order the release of a person who has been committed or is being detained, imprisoned, or restrained of his liberty by virtue of an order of a federal court.

In the present case, it is undisputed that the Petitioner is no longer in the custody of the State of Tennessee and that the challenged sentences have long since expired. It is also undisputed that the Petitioner is currently serving a federal sentence and is in custody of the Federal Bureau of Prisons. Thus, the Petitioner may not avail himself to habeas corpus relief. *See generally Hickman v. State,* 153 S.W.3d 16 (Tenn. 2004). While this Court is of the opinion that an issue exists of whether a petitioner in federal custody but whose state sentence has not yet expired may seek state habeas corpus relief, such is not the circumstance in the case *sub judice*. Accordingly, the trial court properly denied habeas corpus relief in this matter.

Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE