IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 7, 2006

## STATE OF TENNESSEE v. FREDERICK D. DEBERRY

**Appeal from the Circuit Court for Fayette County**
**No. 3737     J. Weber McCraw, Judge**

_____

**No. W2005-02843-CCA-R3-CD  - Filed July 20, 2006**

_____

The Defendant, Frederick D. Deberry, appeals from an order of the trial court dismissing his "motion for new trial." The trial court dismissed the pleading because it "was not timely filed, the issue has previously been adjudicated in this matter and the Motion for New Trial is not well-taken." We affirm the order of the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Tenn. Ct. Crim. App. R.**

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and J.C. McLIN, J., joined.

Frederick D. Deberry, Pro Se.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; and Elizabeth T. Rice, District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

On November 14, 2005, the Defendant filed a "motion for new trial." He listed as his current address a federal penitentiary in Florence, Colorado. In support of his motion, the Defendant alleged prosecutorial misconduct, ineffective assistance of counsel, and that insufficient evidence was presented which denied him a fair trial.

In the "brief" he filed in support of his motion, the Defendant stated that following a jury trial, he was convicted of aggravated rape in 1992 in Fayette County. He alleges that he received a sentence of twenty years which was to be served consecutively to a sentence he received for a conviction in federal court in Mississippi. In the brief, he argues that his due process rights and protection from double jeopardy were violated, that he was denied his right to be confronted with witnesses, that he received ineffective assistance of counsel, that the evidence presented was insufficient to support his conviction, and that he was "wrongfully" convicted.

In its brief, the State notes that this Court affirmed the Defendant's conviction on direct appeal. See State v. Frederick D. Deberry, No. 02C01-9304-CC-00074, 1993 WL 492702 (Tenn. Crim. App., Jackson, Dec. 1, 1993). Our supreme court denied the Defendant's application for permission to appeal on May 16, 1994. Id.

As the State notes, a motion for new trial must be made within thirty days of the date the order of sentence is entered. See Tenn. R. Crim. P. 33(b). This provision is mandatory, and the time for filing the motion may not be extended. See Tenn. R. Crim. P. 45(b). It is clear that the motion for new trial filed by the Defendant in 2005 is untimely and, as such, the trial court did not err in dismissing the pleading.

It also appears that the pleading alleges grounds which are generally appropriate for a petition for post-conviction relief. See Tenn. Code Ann. § 40-30-101 to -122. It is also apparent that the petition was filed long after the expiration of the one-year statute of limitations for filing a petition for post-conviction relief. See Tenn. Code Ann. § 40-30-102(a). The pleading does not allege any grounds which would provide an exception to the statute of limitations. See Tenn. Code Ann. § 40-30-102(b). The trial court did not err in dismissing the pleading if it was treated as a petition for post-conviction relief.

Finally, if viewed as a petition seeking habeas corpus relief, the trial court did not err in dismissing the petition. First, federal prisoners are not entitled to the benefits of Tennessee's habeas corpus statute. See Tenn. Code Ann. § 29-21-102. In addition, habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the Defendant or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W. 2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. Id. at 163. Furthermore, the pleading fails to comply with the mandatory requirements of the habeas corpus statute. See Tenn. Code Ann. § 29-21-107. Our supreme court has recently confirmed that the procedural requirements are mandatory and must be followed scrupulously. See Hickman v. State, 153 S.W. 3d 16, 21 (Tenn. 2004). The trial court did not err in dismissing the pleading if it was treated as a petition for habeas corpus relief.

Because we find no error in the action of the trial court dismissing the pleading filed by the Defendant, the judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE