IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 16, 2014

**STATE OF TENNESSEE v. OMAR ROBINSON**

**Appeal from the Circuit Court for McMinn County**
**Nos. 00-330, 00-331, 00-333, & 00-334      Carroll L. Ross, Judge**

_____

**No. E2014-00393-CCA-R3-CD - Filed October 22, 2014**

_____

Appellant, Omar Robinson, pleaded guilty to two counts of possession of cocaine with intent to sell and two counts of simple possession of marijuana. Appellant later filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, which the trial court summarily dismissed, holding that appellant's sentence had expired. On appeal, appellant argues that the trial court erred by summarily dismissing his motion because an illegal sentence may be challenged at any time pursuant to Rule 36.1. The State concedes that this case should be remanded to the trial court. Following our review of the parties' briefs, the record, and the applicable law, we reverse the trial court's judgment and remand for proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed;**
**Case Remanded**

ROGER A. PAGE, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT H. MONTGOMERY, JR., JJ., joined.

Omar Robinson, Atlanta, Georgia, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Senior Counsel; Robert Steven Bebb, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Appellant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 on February 8, 2014. In the motion, appellant argued that by aligning his sentences concurrently, the trial court imposed an illegal sentence under Tennessee Code Annotated section 40-20-111(b) because he was released on bail in case numbers 00-330 (possession of cocaine with intent to sell) and 00-331 (simple possession

of marijuana) when he committed the crimes in case numbers 00-333 (possession of cocaine with intent to sell) and 00-334 (simple possession of marijuana). He argued that the trial court should have aligned his sentences consecutively because Tennessee Code Annotated section 40-20-111(b) mandates consecutive sentences when a defendant commits a felony while the defendant is released on bail and the defendant is convicted of both offenses. However, the trial court summarily dismissed appellant's Rule 36.1 motion on February 10, 2014. Appellant now argues that the trial court erred by summarily dismissing his motion.

In 2013, the Tennessee General Assembly promulgated Rule 36.1, which provides, in part:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.
>
> (b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.
>
> . . . .

The legislature also amended Tennessee Rule of Appellate Procedure 3(b) to provide both the State and appellant with an appeal as of right from "an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure." Therefore, Rule 36.1 provided a new appeal as of right for individuals who had received an illegal sentence.

The trial court dismissed appellant's motion, stating:

> After review of the file, it appears to the Court that the defendant pled guilty in this case on October 5, 2000, to possession of cocaine for resale and received an eight-year sentence suspended after six months in jail. Even though a violation of probation was later filed on the defendant, that violation was dismissed on May 7[], 2007[,] because the defendant had just been sentenced to 22 years on a federal prison sentence.

Therefore, the defendant's original sentence in this case is expired, and his motion for correction of illegal sentence is hereby DENIED.

However, we note that Rule 36.1 states that a defendant "may, *at any time*, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a) (emphasis added). Therefore, even though appellant's original sentence had expired, appellant may still seek correction of that sentence if he states a colorable claim.[1]

Pursuant to Rule 36.1, appellant would be entitled to a hearing and appointment of counsel if he stated a colorable claim for relief. Tenn. R. Crim. P. 36.1(b); see *Marcus Deangelo Lee v. State*, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *6 (Tenn. Crim. App. Mar. 7, 2014). Because Rule 36.1 does not define "colorable claim," we have adopted the definition of a colorable claim used in the context of post-conviction proceedings from Tennessee Supreme Court Rule 28 § 2(H): "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief . . . ."[2] *State v. David Morrow*, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App. Aug. 13, 2014); *State v. Mark Edward Greene*, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App. July 16, 2014).

Taking all of appellant's assertions as true and viewing them in the light most favorable to him, we have determined that appellant has presented a colorable claim for relief from an illegal sentence because appellant alleges that he committed the felony offense of possession of cocaine with intent to sell while released on bail in case numbers 00-330 and

---

[1] We recognize that similar relief under habeas corpus is only available when a defendant is "imprisoned or restrained of liberty." Tenn. Code Ann. § 29-21-101. Therefore, if a defendant has already served and been released from any restraints on his liberty, he many not challenge his conviction. *Hickman v. State*, 153 S.W.3d 16, 22-24 (Tenn. 2004). However, there is no such limitation within Rule 36.1.

[2] "We note that in contrast to the requirements to survive summary dismissal of a habeas corpus claim, Rule 36.1 requires a defendant to state a colorable claim in his motion but does not require that he attach supporting documents." Tenn. R. Crim. P. 36.1; *State v. Brandon Rollen*, No. W2012-01513-CCA-R3-CD, slip op. at 6 (Tenn. Crim. App. Sept. 11, 2013); *see George William Brady v. State*, No. E2013-00792-CCA-R3-PC, 2013 WL 6729908, at *6 (Tenn. Crim. App. Dec. 19, 2013) ("Under the liberal terms of Rule 36.1, the petitioner's raising a colorable claim would entitle him to the appointment of counsel and a hearing on his claim, even without any documentation from the underlying record to support his claim.").

00-331. However, appellant received concurrent sentences.[3] Tennessee Code Annotated section 40-20-111(b) states:

> In any case in which a defendant commits a felony while the defendant was released on bail in accordance with chapter 11, part 1 of this title, and the defendant is convicted of both offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that the sentences be served cumulatively.

*See also* Tenn. R. Crim. P. 32(c)(3)(C) (mandating consecutive sentences when a defendant commits a felony while the defendant is released on bail, and the defendant is convicted of both offenses). The State concedes that appellant has stated a colorable claim that his sentences are illegal, and we agree.

Having determined that appellant's motion presents a colorable claim for relief under Rule 36.1, we must remand this matter to the trial court. By its very language, Rule 36.1 requires that once appellant has stated a colorable claim, he must be afforded counsel, and the trial court must hold a hearing on the motion unless waived by all the parties. *See* Tenn. R. Crim. P. 36.1(b). Accordingly, we remand this cause for proceedings consistent with this opinion.

## CONCLUSION

Based on the parties' briefs, the record, and the applicable law, we reverse the trial court's judgment and remand for proceedings consistent with this opinion.

_____
ROGER A. PAGE, JUDGE

---

[3] Tennessee Code Annotated section 29-21-101(b)(1) removed habeas corpus relief for individuals who received "concurrent sentencing where there was a statutory requirement for consecutive sentencing." However, there is no such limitation within Rule 36.1.