# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## HORATIO RICE v. DAVID MILLS, WARDEN (STATE OF TENNESSEE)

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 5903   Joe H. Walker, III, Judge**

---

**No. W2004-02517-CCA-R3-HC  - Filed April 12, 2005**

---

The Petitioner, Horatio L. Rice, appeals the lower court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner has failed to establish that his convictions are void or that his sentence has expired.  Accordingly, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and J.C. MCLIN, JJ. joined.

Horatio Rice, pro se.

Paul G. Summers, Attorney General & Reporter; Blind Akrawi, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

On November 4, 1998, the Petitioner pled guilty in the Marshall County Circuit Court to one count of theft of property, a class C felony, one count of aggravated assault, a class D felony, one count of theft of property, a class D felony, and one count of burglary of an automobile, a class E felony.  For these convictions, the trial court imposed an effective sentence of eight years in the

Department of Correction. The Petitioner is currently confined at West Tennessee State Penitentiary in Henning, Tennessee.

On September 16, 2004, the Petitioner filed, *pro se*, a petition for writ of habeas corpus relief in the Lauderdale County Circuit Court. As grounds for relief, he alleged that the trial court was without jurisdiction to sentence the Petitioner to more than an effective six-year sentence. Petitioner asserts that the effective eight-year sentence imposed by the trial court "violates the sentencing range of all four classes; D, D, E, & C per T.C.A. 40-2-101 dealing the classes of felonies. . . ." On September 20, 2004, the trial court denied habeas corpus relief. In denying relief, the trial court found that "[P]etitioner's sentence has not expired and the court had jurisdiction to sentence the defendant to such sentence. Each sentence was within the range, they were run consecutive." Petitioner filed a timely notice of appeal on October 7, 2004.

The State has filed a motion requesting that this Court affirm the decision of the lower court pursuant to Rule 20, Rules of the Court of Criminal Appeals. The State contends that the Petitioner has failed to allege a ground which renders his convictions void.

The grounds upon which habeas corpus relief may be granted in this state are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004) (citations omitted). Relief will be granted if the petition establishes that the challenged judgment is void. *Id.* A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Hickman*, 153 S.W.3d at 20 (quoting *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). The petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate release. *Id.* However, if the habeas corpus petition fails to demonstrate that the judgment is void or that the confinement is illegal, neither appointment of counsel nor an evidentiary hearing are required and the trial court may properly dismiss the petition. *Hickman*, 153 S.W.3d at 20 (citations omitted).

Petitioner contends that the trial court lacked jurisdiction to impose the effective eight-year sentence. He asserts that the trial court could only impose an effective six-year sentence. In support of his position, Petitioner relies solely upon section 40-2-101, Tennessee Code Annotated. Petitioner's reliance upon this code section is misplaced. Section 40-2-101, Tennessee Code Annotated, relates to the limitations of prosecutions, and not to the minimum or maximum range of sentence for different classes of felonies.

The judgments of conviction are not void on their face. Neither has the effective eight-year sentence expired. The Petitioner has failed to meet his burden of proof entitling him to the immediate release from confinement.

Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE