# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### RONALD MCCRAY v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Fayette County**
**No. 3873    J. Weber McCraw, Judge**

---

**No. W2006-00053-CCA-R3-HC  - Filed April 21, 2006**

---

The Petitioner, Ronald McCray, appeals the lower court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner failed to file a timely notice of appeal and this Court cannot conclude that justice requires waiver of this jurisdictional requirement. Accordingly, the above-captioned appeal is dismissed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN AND J.C. McLIN, JJ. joined.

Ronald McCray, pro se.

Paul G. Summers, Attorney General & Reporter; Elizabeth Bingham Marney, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

The Petitioner Ronald McCray entered a guilty plea on August 2, 1993, to one count of second degree murder. The trial court imposed a sentence of sixty years in the Department of Correction with release eligibility set at thirty percent. The Petitioner sought post-conviction relief, alleging that the sentence imposed was illegal. *See Ronald Lature McCray v. State*, No. 02C01-9412-CC-00277, 1995 WL 568388, *1 (Tenn. Crim. App., at Jackson, Sept. 27, 1995). The trial

1

court denied relief. On appeal, however, a panel of this Court determined that "[b]ecause the sentence proposed in the plea agreement exceeds the statutory limits, the trial court must reject the original, recommended sentence." *Ronald Lature McCray v. State*, No. 02C01-9412-CC-00277, 1995 WL 568388, *2. This Court "set aside this sentence as illegal and remand[ed] the cause to the trial court." *Id.* On April 16, 1996, a judgment form was entered as to the Petitioner's plea to one count of second degree murder and reflecting a sentence of forty years with a forty-five percent release eligibility status. The Petitioner sought post-conviction relief on August 7, 1998. *See Ronald Lature McCray v. State*, No. 02C01-9809-CC-00292, 1999 WL 314773, *1 (Tenn. Crim. App., at Jackson, May 20, 1999), *perm. to appeal denied*, (Tenn. Oct. 11, 1999). Post-conviction relief was dismissed as being time-barred. *Id.* The Petitioner is currently confined at West Tennessee State Penitentiary in Henning, Tennessee

On October 17, 2005, the Petitioner a petition for habeas corpus relief in the Fayette County Circuit Court. As grounds for relief, the Petitioner alleged that the judgment of conviction is void due to the illegality of the sentence imposed and due to the ineffective assistance of trial counsel. Specifically, the Petitioner alleged that the "[S]tate fail[ed] to file a notice of enhancement ten days prior to trial as required by Tenn. R. Crim. P. 12.3 . . ." and that the Petitioner "had no prior felony convictions. . . ." The trial court summarily dismissed the petition by order entered October 25, 2005. In dismissing the petition, the trial court found "that the sentence is not illegal , and the petition fails to state a claim upon which relief may[]be granted." A notice of appeal document was filed with the trial court clerk on January 4, 2006. The document reflects that the Petitioner makes inquiry as to why he did not receive notice of the dismissal until January 4, 2006.

The State has filed a motion requesting affirmance of the lower court's dismissal pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. Within its motion, the State notes that the notice of appeal document was not timely filed by the Petitioner. Notwithstanding, the State acknowledges that this Court may waive the timely filing requirement. Again, the trial court dismissed the petition on October 25, 2005. The notice of appeal document was not filed until January 4, 2006. Pursuant to Rule 4, Tennessee Rules of Appellate Procedure, a notice of appeal document shall be filed within thirty days after entry of the judgment from which an appeal is sought. This requirement, however, is not jurisdictional in criminal cases. This Court may review untimely appeals and determine whether the notice requirement should be waived. Tenn. R. App. P. 4. Waiver is not automatic and should only occur when "the interest of justice" mandates waiver. To hold otherwise, by summarily granting waiver whenever confronted with untimely notices, renders the thirty-day requirement a legal fiction and circumvents the rule. *See Michelle Pierre Hill v. State,* No. 01C01-9506-CC-00175, 1996 WL 63950, *1 (Tenn. Crim. App., at Nashville, Feb. 13, 1996), *perm. to appeal denied,* (Tenn. May 28, 1996).

Although the Petitioner's filing was *pro se,* Rule 4 does not relieve *pro se* appellants from the thirty-day notice requirement. Thus, the Petitioner's *pro se* status remains but one factor in deciding whether the "interest of justice" mandates waiver of the thirty-day notice requirement. In determining whether waiver is appropriate, this Court shall consider the nature of the issues for review, the reasons for the delay in seeking relief, and other relevant factors presented in each case.

We begin our review by noting that the Petitioner failed to file a motion to excuse the late-filed notice of appeal document with this Court. However, the notice of appeal document reflects that the Petitioner may not have received notice of the trial court's order dismissing the petition. Next, we note that, on appeal, the Petitioner concedes that the structure of his hybrid guilty plea is not illegal. Additionally, a prior panel of this Court held that the forty-year range III sentence was not illegal. *See Ronald Lature McCray v. State,* No. 02C01-9809-CC-00292, at *1.

If considered as a petition seeking habeas corpus relief, the petition was filed in the wrong court. *See* T.C.A. § 29-21-105 (petition for habeas corpus must be made to court most convenient to the location of the petitioner). Moreover, the petition failed to state a claim upon which habeas corpus relief can be granted. Habeas corpus relief only addresses detentions that result from void judgments or expired sentences. *See Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993). A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Hickman v. State,* 153 S.W.3d 16, 20 (Tenn. 2004) (quoting *State v. Ritchie,* 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). The Petitioner does not contend that his sentences have expired, thus, he is only entitled to relief if his judgments are void. On appeal, he contends that the sentence is legal and, his remaining issue, that counsel was ineffective would not render the conviction void, only voidable.

Finally, if treated as a petition for post-conviction relief, the petition similarly fails. First, the petition is time-barred. *See* T.C.A. § 40-30-102(a). Next, the Petitioner is thus barred by the single-petition provision from attacking the same judgment in a second or subsequent post-conviction proceeding. *See* T.C.A. § 40-30-102(c).

For the reasons stated herein, including our conclusion that the Petitioner would not be entitled to relief if waiver were applied, this Court concludes that justice does not require the waiver of the timely filing of the notice of appeal document. Accordingly, the appeal is dismissed.

_____
JOHN EVERETT WILLIAMS, JUDGE