IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs April 11, 2006

## PAUL WILSON v. STEPHEN DOTSON, WARDEN

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 05-02-0070     Joe H. Walker, Judge**

_____

**No. W2005-02317-CCA-R3-HC  - Filed May 4, 2006**

_____

The petitioner, Paul Wilson, appeals the summary dismissal of his petition for writ of habeas corpus, arguing that prior judgments used to enhance his 2005 aggravated robbery sentence were illegal and void. Following our review, we affirm the judgment of the trial court dismissing the petition for writ of habeas corpus.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J.C. MCLIN, JJ., joined.

Paul Wilson, Whiteville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter, and Rachel E. Willis, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

The record on appeal is sparse and we glean the alleged facts concerning the judgments the petitioner argues are illegal from his *pro se* habeas corpus petition and his *pro se* appellate brief. On October 14, 1985, he was charged with aggravated rape and aggravated kidnapping and was released from jail on bond. On December 21, 1985, while out on bond, he was charged with three counts of robbery with a deadly weapon. On February 14, 1986, the petitioner pled guilty in Shelby County Criminal Court to rape, kidnapping, and three counts of robbery with a deadly weapon and received a six-year sentence for the kidnapping conviction and ten-year sentences for the rape and each robbery conviction, all to be served concurrently for a total effective sentence of ten years. On July 15, 1993, the petitioner was charged with sale of a controlled substance and released on bail. On August 17, 1993, while on bail, he was charged with unlawful possession of a controlled substance with intent to sell. On January 4, 1994, the petitioner pled guilty in Shelby County Criminal Court

to both charges and received concurrent eight-year sentences. In January 2005, a Shelby County jury convicted the petitioner of aggravated robbery and he was sentenced to thirty years at sixty percent as a career offender. On direct appeal, this court affirmed the conviction. See State v. Paul Wilson, No. W2005-00307-CCA-R3-CD, 2005 WL 3533339, at *1 (Tenn. Crim. App. Dec. 22, 2005), applic. for perm. to appeal filed (Tenn. Feb. 22, 2006).

On August 4, 2005, the petitioner filed a *pro se* habeas corpus petition in the Hardeman County Circuit Court arguing that his 1986 judgments were illegal because his rape and kidnapping sentences were run concurrently with his robbery with a deadly weapon sentences. He argued that this is contrary to state law that mandated the sentences be run consecutively because he had been released on bond for the rape and kidnapping charges when he committed the robbery charges. He argued the same about his 1994 judgments, claiming that they were illegal because he was on bond for his sale of a controlled substance charge when he committed unlawful possession of a controlled substance with intent to sell and, therefore, the sentences should have been run consecutively, rather than concurrently.

On September 28, 2005, the trial court denied the petitioner habeas corpus relief because the petitioner is no longer confined as a result of the 1986 and 1994 sentences because "[t]he sentences complained of expired in 2000."

## ANALYSIS

As we understand, the petitioner is seeking habeas corpus relief from the 1986 and 1994 judgments that were "used for enhancement" of his 2005 aggravated robbery sentence. Specifically, the petitioner argues that the 1986 and 1994 judgments are the result of an "[i]nvoluntary plea agreement" because he "did not knowingly agree to illegal sentences." Further, he "contends that the [1986 and 1994] judgments entered in [the 2005] record to enhance later offense were facially void on judgment in direct contravention of T.C.A. § 40-20-111(b) and Tennessee Rules of Criminal Procedure Rule 32(c)(3)." The State responds that the trial court appropriately denied habeas corpus relief because the 1986 and 1994 sentences the petitioner sought relief from were already expired. We agree with the State.

The grounds upon which habeas corpus relief may be granted in this state are narrow. Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004) (citations omitted). Relief will be granted if the petition establishes that the challenged judgment is void. Id. A judgment is void "'only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.'" Id. (quoting State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). The petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

According to the petitioner, as we understand, the 1986 and 1994 judgments were illegal because they were ordered to be served concurrently and, in his view, could not be used to enhance his 2005 sentence. However, in Hickman, our supreme court explained that habeas corpus relief is not available for expired sentences that are used solely to enhance a subsequent conviction:

> [A] person is not "restrained of liberty" for purposes of the habeas corpus statute unless the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement. *Use of the challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint of liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired*.

153 S.W.3d at 23 (emphasis added) (footnote omitted). Consequently, the trial court did not err in denying the petitioner habeas corpus relief on his expired 1986 and 1994 sentences.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE