IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 6, 2007

## MICHAEL HOOPER v. STEVEN DOTSON, WARDEN

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 06-02-0148     Joseph H. Walker, III, Judge**

**No. W2006-01290-CCA-R3-HC  - Filed April 25, 2007**

The petitioner, Michael Hooper, appeals the trial court's dismissal of his *pro se* petition for writ of habeas corpus. Following our review, we affirm the judgment of the trial court dismissing the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

Michael Hooper, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and James Pentecost, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The record in this case is sparse and confusing, and we have taken much of the following information about the petitioner's convictions and sentences from a January 18, 1993, letter he received from his trial defense counsel following the entry of his guilty pleas. As recited in the letter, the petitioner pled guilty on January 15, 1993, to aggravated burglary, robbery, and theft in the McMinn County Criminal Court and was sentenced as a Range II, multiple offender to concurrent terms of ten years each for the aggravated burglary and robbery convictions, to be served consecutively to a two-year sentence for the theft conviction. As part of the same plea agreement, the petitioner also pled guilty in the Bradley County Criminal Court to two counts of aggravated burglary and one count of theft over $1000 and was sentenced to concurrent terms of ten years for each of the aggravated burglary convictions and eight years for the theft conviction. The letter recites that the Bradley County sentences were to be served concurrently to the McMinn County

sentences and that all of the Tennessee sentences were to be served concurrently to unspecified sentences the defendant had received for convictions in the State of Georgia.

Only four judgment forms are included in the record: the three judgment forms for the Bradley County convictions and sentences, and one judgment form reflecting the defendant's robbery conviction and sentence in McMinn County. This latter judgment reveals that the defendant's ten-year robbery sentence was ordered to run concurrently with case number 91-770 and consecutively to case number 91-771. The "special conditions" section of the judgment recites that the sentence is to be served concurrently with case numbers 92-CR22032 and 9190413418 out of Georgia. The judgment form for case number 91-771 is not included in the record.

On May 10, 2006, the petitioner filed a *pro se* petition for writ of habeas corpus in which he alleged, *inter alia*, that his maximum release date was October 7, 2005, but that the "Board of Paroles" had informed him that it could overturn the concurrent sentencing ordered by the trial court and force him to serve a consecutive sentence. On May 17, 2006, the trial court entered an order dismissing the petition on the basis that the petitioner had failed to demonstrate that his judgments were void or his sentences expired. Specifically, the court observed that since all the judgments were not included in the record, it was impossible for the court to determine whether the petitioner's sentences had expired. The court further noted that it appeared from the record that the petitioner had been the subject of parole revocation proceedings.

## ANALYSIS

As an initial matter, we note that the petitioner's notice of appeal, which he delivered to the prison mailroom clerk on June 19, 2006, was untimely. We have, however, chosen to waive the untimely filing given the petitioner's *pro se* status and the short period by which he exceeded the thirty-day deadline for filing a timely notice of appeal. See Tenn. R. App. P. 4(a) (providing that this court may waive an untimely notice of appeal in the interest of justice).

On appeal, the petitioner raises a number of claims against the Tennessee Department of Correction, arguing that it violated the Interstate Compact on Detainers Act, principles of double jeopardy, and his due process rights by not giving him a parole revocation hearing upon his transfer from Georgia to Tennessee and by converting his concurrent sentences to consecutive sentences, thereby requiring him to serve the same twelve-year sentence twice. The State argues that the dismissal of the petition was proper because there was nothing on the face of the judgments or in the record of the proceedings to show that the convictions were void or the sentences expired. The State further argues that the petitioner cannot raise new issues for the first time on appeal and that his claims are not cognizable in a habeas corpus petition. We agree with the State.

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A judgment is void "only when '[i]t appears upon

-2-

the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004) (quoting Ritchie, 20 S.W.3d at 630). The petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

We conclude that the trial court's dismissal of the petition was proper. Although the petitioner included copies of the judgment forms for case numbers 91-770 and 91-771 as "Exhibits" to his brief, those judgment forms are not included in the record on appeal. See Tenn. R. App. P. 24(a) (providing that trial briefs are not part of the record on appeal). Thus, the trial court had nothing in the record to determine the length of the petitioner's sentences or whether they had expired.

Moreover, the petitioner is overlooking Tennessee Code Annotated section 40-28-123(a), which provides in part that

> If any prisoner while on parole from a state prison, jail or workhouse commits a crime under the laws of another state government or country which, if committed within this state, would be a felony, and is convicted of the crime, the director of probation and parole shall arrange for the return of the prisoner through the terms of interstate compact. The board shall require that the prisoner serve the portion remaining of the maximum term of sentence or part of that sentence as the board may determine. The board, at its discretion, may recommend to the commissioner of correction the removal of all or any part of the good and honor time and incentive time accrued on the sentence under which the prisoner was paroled.

Although not entirely clear, it appears from the record that the petitioner committed his Georgia offenses while on parole from a four-year Tennessee sentence for theft. As such, when computing his release date, he may have neglected to take into account the remaining portion of that sentence he was required to serve or the loss of any good time credits he may have accrued.

## CONCLUSION

Because the petitioner has not shown by a preponderance of the evidence that his convictions are void or his sentences expired, we affirm the judgment of the trial court dismissing his petition for writ of habeas corpus.

_____
ALAN E. GLENN, JUDGE