# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

**PHILANDER BUTLER v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Shelby County**
**No. 88-08249    James M. Lammey, Judge**

---

**No. W2009-00451-CCA-R3-HC   -   Filed December 1, 2009**

---

The petitioner, Philander Butler, appeals the Shelby County Criminal Court's dismissal of his petition for habeas corpus relief. The State has moved to have this court summarily affirm the dismissal pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. We grant the motion and affirm the order of dismissal pursuant to Rule 20.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Ebony N. Dawkins, Memphis, Tennessee, for the appellant, Philander Butler.

Robert E. Cooper, Jr., Attorney General & Reporter, and J. Ross Dyer, Senior Counsel, for the appellee, the State of Tennessee.

## MEMORANDUM OPINION

On August 6, 2008, the petitioner filed a *pro se* petition for writ of habeas corpus challenging the legality of the sentences he received in 1989 and 1990, in Shelby County. According to the allegations set forth in the petition, the petitioner pled guilty to selling a controlled substance in exchange for a sentence of one hundred and twenty days in jail followed by five years probation in 1989. In 1990, he pled guilty to possession of a controlled substance with intent to sell and attempted possession of a controlled substance with intent to sell, for which he received eight and four years, respectively. In 1999, the petitioner was convicted in federal court of aiding and abetting the possession of crack cocaine with intent to distribute and was sentenced to life imprisonment and ten years of supervised release. *United States v. Butler*, 3 Fed. Appx. 264, 267 (6th Cir. Tenn. 2001).

The State filed a motion to dismiss the petition on January 23, 2009. Counsel was appointed to represent the petitioner, and a response to the State's motion to dismiss was filed thereafter on February 9, 2009. A hearing on the State's motion was held on February 13, 2009, in the Shelby

County Criminal Court. At the conclusion of the hearing, the trial court entered an order granting the State's motion, and this appeal followed.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 *et seq.* codify the applicable procedures for seeking a writ. While there is no statutory time limit in which to file for habeas corpus relief, Tennessee law provides very narrow grounds upon which such relief may be granted. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A habeas corpus petition may be used only to contest void judgments which are facially invalid because (1) the convicting court was without jurisdiction or authority to sentence a defendant; or (2) a defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993).

In *Hickman v. State,* 153 S.W.3d 16, 23 (Tenn. 2004), our supreme court held that "a person is not 'restrained of liberty' for purposes of the habeas corpus statute unless the challenged judgment imposes a restraint upon the petitioner's freedom of action or movement." The court in *Hickman* further stated that the "[u]se of the challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint of liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired." *Id.*

The petitioner contends that the expired sentences for his state convictions were illegal because the sentences were ordered to run concurrently when they were imposed and should have run consecutively because he was on bail at the time he committed the offenses. However, the petitioner is not currently imprisoned as a result of the convictions he is challenging. Each conviction and sentence the petitioner is challenging has expired and was served prior to the filing of the writ of habeas corpus petition in 2008. The petitioner argues that these sentences were used to enhance the federal sentence that he is currently serving. However, *Hickman* makes clear that this is not an adequate basis for habeas corpus relief. *See Hickman*, 153 S.W.3d at 23.

After due consideration of the reasons given by the trial court for dismissing the petition, our opinions in the petitioner's prior habeas corpus proceedings, and the law governing the issues presented, we have determined that the State's motion is well taken, that the record supports the trial court's order of dismissal, that no error of law exists that would require reversal, and that no precedential value would be derived from the rendering of an opinion in this case. Accordingly, we grant the State's motion for summary affirmance of the trial court's order dismissing the petition for writ of habeas corpus pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE

-2-