# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

**JOBY LEE TEAL v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Shelby County**
**Nos. 88-01356, -02264, -02265, -03208, -05374     John P. Colton, Jr., Judge**

---

**No. W2008-02471-CCA-R3-CD  - Filed March 18, 2010**

---

The petitioner, Joby Lee Teal, appeals the Shelby County Criminal Court's summary dismissal of his "Motion for Correction of Void Judgment." The State has filed a motion requesting that this court affirm the trial court's dismissal pursuant to Rule 20, of the Rules of the Court of Criminal Appeals, arguing that the petitioner's motion should be treated as a petition for writ of habeas corpus and that he failed to state a cognizable claim because he is not "imprisoned or restrained of liberty." We agree, grant the State's motion, and affirm the judgment from the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Joby Lee Teal, Memphis, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Mark E. Davidson, Senior Counsel, for the appellee, State of Tennessee.

## OPINION

In November of 1988, the petitioner pled guilty in five separate cases to four counts of unlawful possession of cocaine with intent to sell and one count of unlawful possession of marijuana. For each possession of cocaine conviction, the petitioner was sentenced to five years and was sentenced to six months for the marijuana conviction. All sentences were ordered to be served concurrently for an effective sentence of five years. The sentences were served, and the petitioner was released from state custody.

In January of 2007, the petitioner filed a *pro se* "Motion for Correction of Void Judgment," asserting that four of the five convictions were void, as they were imposed by the trial court without legal authority, and should be vacated. He asserts, without substantiating proof, that he was on bail at the time he committed the four offenses and that, as a result, the trial court was without authority to order that the sentences be served concurrently pursuant to Rule 32, of Rules of Criminal Procedure, which requires mandatory consecutive sentencing on these facts. In September of 2008, the trial court entered an order denying the motion for "failure to state a remedy."

The petitioner timely appealed. In his appellate brief, the petitioner acknowledges that he has served all the challenged sentences but argues that he is still entitled to relief, as the sentences were subsequently used to enhance a federal sentence. The State has filed a motion asking that the trial court's dismissal be affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals, arguing that the petitioner's "Motion for Correction of Void Judgment" should be treated as a petition for the writ of habeas corpus as he was seeking to have void judgments set aside. Further, the State argues that the petitioner is not entitled to habeas relief as a matter of law because the sentences have been served. The petitioner responds and argues that this court should not review his motion as one seeking habeas corpus relief, as that is not what he intended to file. However, whatever the petitioner intended to file is irrelevant as the appropriate procedure to attack a void judgment is, in fact, a petition for the writ of habeas corpus. Thus, we agree with the State that the petitioner's motion should be treated and reviewed as a petition for the writ of habeas corpus. *See Castro v. United States*, 540 U.S. 375, 381 (2003) (allowing recharacterization of *pro se* litigants motion to place it within a different legal category).

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated section 29-21-101 *et seq*. codifies the applicable procedures for seeking habeas corpus relief. While there is no statutory time limit in which to file for habeas corpus relief, Tennessee law provides very narrow grounds upon which relief may be granted. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A habeas corpus petition may be used only to contest void judgments which are facially invalid because: (1) the convicting court was without jurisdiction or authority to sentence a defendant; or (2) a defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). The procedural requirements of the habeas corpus statutes are "mandatory and must be followed scrupulously." *Id*. at 165.

A statutory prerequisite for eligibility to seek habeas corpus relief is that the petitioner must be "imprisoned or restrained of liberty" by the challenged convictions. The phrase "restrained of liberty" has generally been interpreted to include any limitation placed upon a person's freedom of action, including such restraints as conditions of parole or probation

or an order requiring a person to remain in one city.  *Hickman v. State*, 153 S.W.3d 16, 23 (Tenn. 2004).  However, in *Hickman*, our supreme court further stated that the "[u]se of the challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint of liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired."  *Id*.  Use of the prior conviction to enhance a later sentence was "merely a collateral consequence" of the challenged conviction and did not provide sufficient grounds for relief.  *Id*.

As noted, the petitioner's argument is that the challenged convictions are void and illegal as the trial court was without legal authority to impose concurrent sentencing because the petitioner  was on bail at the time they were committed.  However, as the petitioner acknowledges, he is not currently imprisoned as a result of the convictions.  Each conviction and sentence the petitioner is challenging was served and expired prior to the filing of the petitioner's motion.  Thus, he fails to establish a required prerequisite for relief.  Furthermore, even if the sentences were subsequently used to enhance a federal sentence, which incidently the petitioner has failed to establish on the record before us, *Hickman* makes clear that this is not an adequate basis for habeas corpus relief.  *See id*.

Following review of the record and relevant case law, we have determined that the State's motion for affirmance, pursuant to Rule 20, is well taken, that the record supports the trial court's dismissal, that no error of law exists which would require reversal, and that no precedential value would be derived from the rendering of an opinion in this case.  Accordingly, we grant the State's motion, and the case is affirmed pursuant to Rule 20, of the Rules of the Tennessee Court of Criminal Appeals.


_____
JOHN EVERETT WILLIAMS, JUDGE

-3-