# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs December 2, 2014

## STATE OF TENNESSEE v. JEROME WALL

### Appeal from the Criminal Court for Shelby County
### Nos. 91-09143 & 91-07725     John W. Campbell, Judge

---

### No. W2014-00782-CCA-R3-CO  - Filed December 23, 2014

---

Appellant, Jerome Wall, pleaded guilty to aggravated robbery and robbery.  Appellant subsequently filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, which the trial court summarily dismissed because appellant's sentences had expired.  On appeal, appellant argues that the trial court erred by summarily dismissing his motion because an illegal sentence may be challenged at any time pursuant to Rule 36.1 and that on remand, his case should be assigned to a different trial judge because the trial judge was not impartial as to the Rule 36.1 motion.  The State concedes to appellant's Rule 36.1 argument and states in its brief that this case should be reversed and remanded to the trial court.  Following our review of the parties' briefs, the record, and the applicable law, we reverse the trial court's judgment and remand for proceedings consistent with this opinion.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed; Case Remanded

ROGER A. PAGE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Robert Todd Mosley, Waynesville, North Carolina, for the appellant, Jerome Wall.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Amy P. Weirich, District Attorney General; and George Kirby May, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## I. Rule 36.1 Motion

Appellant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 on November 19, 2013. In the motion, appellant argued that by aligning his sentences concurrently, the trial court imposed an illegal sentence under Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C) because he was released on bail in case number 91-07725 (robbery) when he committed the crime in case number 91-09143 (aggravated robbery). He argued that the trial court should have aligned his sentences consecutively because Tennessee Code Annotated section 40-20-111(b) mandates consecutive sentences when a defendant commits a felony while the defendant is released on bail and the defendant is convicted of both offenses. However, the trial court summarily dismissed appellant's Rule 36.1 motion on April 7, 2014. Appellant now argues that the trial court erred by summarily dismissing his motion.

In its brief, the State concedes to appellant's Rule 36.1 argument stating, "Because Tenn. Code Ann. § 40-20-111 mandates consecutive sentences for offenses committed while on bond, it appears that [appellant] has made a colorable claim that his sentence is illegal, and he is thus entitled to a hearing."

In 2013, the Tennessee General Assembly promulgated Rule 36.1, which provides, in part:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.
>
> (b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.
>
> (c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

(2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended uniform judgment document, see Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

. . . .

The legislature also amended Tennessee Rule of Appellate Procedure 3(b) to provide both the State and appellant with an appeal as of right from "an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure." Therefore, Rule 36.1 provided a new appeal as of right for individuals who had received an illegal sentence.

The trial court summarily dismissed appellant's motion, stating that appellant's sentence had expired thirteen years prior to the motion and that the trial court did not have jurisdiction to address the motion. The trial court opined that Rule 36.1 did not apply to expired sentences. The trial court reasoned that because appellant's sentence was expired, appellant was "no longer a defendant" and that pursuant to Rule 36.1, only "the defendant or the State" may seek to correct an illegal sentence. The trial court also stated that the general assembly had removed relief from persons who had received concurrent sentencing when a statute mandated consecutive sentencing, s*ee* Tenn. Code Ann. § 29-21-101(b)(1), and that the intent of Rule 36.1 "was not to undo that change and open all these cases to attack."

However, we note that Rule 36.1 states that a defendant "may, *at any time*, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a) (emphasis added). Therefore, even though appellant's original sentence had expired, appellant may still

seek correction of that sentence if he states a colorable claim.[1] *But see State v. Adrian R. Brown*, No. E2014-00673-CCA-R3-CD, 2014 WL 5483011 (Tenn. Crim. App. Oct. 29, 2013) (determining that once an appellant's sentence has expired any challenge to the sentence would be moot and not justiciable). Accordingly, because of the plain language within the rule, the trial court had jurisdiction to address appellant's claims, and appellant was a "defendant" within the meaning of Rule 36.1.

Pursuant to Rule 36.1, appellant would be entitled to a hearing and appointment of counsel if he stated a colorable claim for relief. Tenn. R. Crim. P. 36.1(b); *see Marcus Deangelo Lee v. State*, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *6 (Tenn. Crim. App. Mar. 7, 2014). Because Rule 36.1 does not define "colorable claim," we have adopted the definition of a colorable claim used in the context of post-conviction proceedings from Tennessee Supreme Court Rule 28 § 2(H): "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief . . . ."[2] *State v. Omar Robinson*, No. E2014-00393-CCA-R3-CD, 2014 WL 5393240, at *2 (Tenn. Crim. App. Oct. 22, 2014); *State v. David Morrow*, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App. Aug. 13, 2014); *State v. Mark Edward Greene*, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App. July 16, 2014).

Taking all of appellant's assertions as true and viewing them in the light most favorable to him, we have determined that appellant has presented a colorable claim for relief from an illegal sentence because appellant alleges that he committed the felony offense of aggravated robbery in case number 91-09143 while released on bail in case number 91-07725 but nonetheless received concurrent sentences. Tennessee Code Annotated section 40-20-111(b) states:

> In any case in which a defendant commits a felony while the defendant was
> released on bail in accordance with chapter 11, part 1 of this title, and the

---

[1] We recognize that similar relief under habeas corpus is only available when a defendant is "imprisoned or restrained of liberty." Tenn. Code Ann. § 29-21-101. Therefore, if a defendant has already served and been released from any restraints on his liberty, he may not challenge his conviction. *Hickman v. State*, 153 S.W.3d 16, 22-24 (Tenn. 2004). However, there is no such limitation within Rule 36.1.

[2] "We note that in contrast to the requirements to survive summary dismissal of a habeas corpus claim, Rule 36.1 requires a defendant to state a colorable claim in his motion but does not require that he attach supporting documents." Tenn. R. Crim. P. 36.1; *State v. Brandon Rollen*, No. W2012-01513-CCA-R3-CD, slip op. at 6 (Tenn. Crim. App. Sept. 11, 2013); *see George William Brady v. State*, No. E2013-00792-CCA-R3-PC, 2013 WL 6729908, at *6 (Tenn. Crim. App. Dec. 19, 2013) ("Under the liberal terms of Rule 36.1, the petitioner's raising a colorable claim would entitle him to the appointment of counsel and a hearing on his claim, even without any documentation from the underlying record to support his claim.").

defendant is convicted of both offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that the sentences be served cumulatively.

*See also* Tenn. R. Crim. P. 32(c)(3)(C) (mandating consecutive sentences when a defendant commits a felony while the defendant is released on bail, and the defendant is convicted of both offenses). The State concedes that appellant has stated a colorable claim that his sentences are illegal, and we agree.

Furthermore, while Tennessee Code Annotated section 29-21-101(b)(1) removed habeas corpus relief for individuals who received "concurrent sentencing where there was a statutory requirement for consecutive sentencing," there is no such limitation within Rule 36.1. *See Marcus Deangelo Lee*, 2014 WL 902450, at *6. Absent the promulgation of an amendment or exception to Rule 36.1, we cannot construe the habeas corpus statute as a limitation on Rule 36.1 claims.

Having determined that appellant's motion presents a colorable claim for relief under Rule 36.1, we must remand this matter to the trial court. By its very language, Rule 36.1 requires that once appellant has stated a colorable claim, the trial court must hold a hearing on the motion unless waived by all the parties. *See* Tenn. R. Crim. P. 36.1(b). At the hearing, the trial court must address the legality of appellant's convictions and determine whether an illegal provision was a material component of the plea agreement. *See* Tenn. R. Crim. P. 36.1(c)(1)-(3). Accordingly, we remand this cause for proceedings consistent with this opinion.

## II. Recusal of Judge

Appellant argues that on remand, his case should be assigned to a different trial judge because the trial judge who denied him relief was not impartial as to Rule 36.1 motions. Appellant argues that the trial court ignored the plain language of Rule 36.1 and refused to accept proof that concurrent sentence alignment was a material component of appellant's plea. Furthermore, appellant argues that the trial judge had already been previously reversed on a similar Rule 36.1 case in *Travis Davison v. State*, No. W2013-02048-CCA-R3-CO, 2014 WL 4243744 (Tenn. Crim. App. Aug. 27, 2014).

"A judge should grant a motion to recuse 'when the judge has any doubt as to his or her ability to preside impartially in the case or when a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" *Smith v. State*, 357 S.W.3d 322, 341 (Tenn. 2011) (quoting *Bean v. Bailey*, 280 S.W.3d 798, 805 (Tenn. 2009)). The decision whether to grant

a motion for recusal is discretionary with the trial judge; however, the standard for recusal is objective. *Bean*, 280 S.W.3d at 805.

First, we note that appellant failed to file a motion to recuse in the lower court before this case was appealed. Tennessee Supreme Court Rule 10B states, "Any party seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record, or a judge acting as a court of record, shall do so by a timely filed written motion." Appellant argues that he did not file the motion because the trial court's partiality was not apparent until after the trial court summarily dismissed his motion. However, even if appellant had filed a motion to recuse or if this request was timely made, we cannot conclude that the trial judge was not impartial as to Rule 36.1. While it is true that the trial court should have granted appellant a hearing on his motion, the trial court's error was understandable in light of the interplay between the recent developments in Rule 36.1 and the law regarding expired sentences, jurisdiction, and illegal sentences. In fact, this court has recently addressed many appeals of this nature due to the confusion surrounding Rule 36.1. *See Adrian R. Brown*, 2014 WL 5483011, at \*1; *Omar Robinson*, 2014 WL 5393240, at \*1; *Cumecus R. Cates v. State*, No. E2014-00011-CCA-R3-CD, 2014 WL 4104556 (Tenn. Crim. App. Aug. 20, 2014); *David Morrow*, 2014 WL 3954071, at \*1; *Marcus Deangelo Lee*, 2014 WL 902450, at \*1. Most of these cases were filed after the trial court's order was entered on April 7, 2014. Furthermore, to the extent that appellant argues that the trial judge disregarded a previous reversal regarding one of his Rule 36.1 holdings, the argument is inapposite because the *Travis Davison* opinion was not filed until August 27, 2014, four months *after* the trial court's April 7 denial of appellant's motion. Appellant is without relief as to this issue.

## CONCLUSION

Based on the parties' briefs, the record, and the applicable law, we reverse the trial court's judgment and remand for proceedings consistent with this opinion.

_____
ROGER A. PAGE, JUDGE