# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs December 2, 2014

## STATE OF TENNESSEE v. SEAN BLAKE

**Appeal from the Criminal Court for Shelby County**
**Nos. 95-07660, -61, -62; 96-04448, -49, -50, -51      John W. Campbell, Judge**

---

**No. W2014-00856-CCA-R3-CO  - Filed January 8, 2015**

---

Appellant, Sean Blake, pleaded guilty to two counts of attempted second degree murder, two counts of aggravated robbery, two counts of attempted aggravated robbery, and robbery. Appellant subsequently filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, which the trial court summarily dismissed because appellant's sentences had expired.  On appeal, appellant argues that the trial court erred by summarily dismissing his motion because an illegal sentence may be challenged at any time pursuant to Rule 36.1.  The State concedes that this case should be reversed and remanded to the trial court.  Following our review of the parties' briefs, the record, and the applicable law, we reverse the trial court's judgment and remand for proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed;**
**Case Remanded**

ROGER A. PAGE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Sean Blake, Memphis, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Michelle L. Consiglio-Young, Assistant Attorney General; Amy P. Weirich, District Attorney General, for the appellee, State of Tennessee.

## OPINION

Appellant challenged his sentence alignment in the trial court in a motion to correct

an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1.[1]  In the motion, appellant argued that by aligning his sentences concurrently, the trial court imposed an illegal sentence under Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C) because he was released on bail in case numbers 95-07660 (attempted aggravated robbery), 95-07661 (attempted aggravated robbery),[2] and 95-07662 (robbery) when he committed the crimes in case numbers 96-04448 (attempted second degree murder), 96-04449 (attempted second degree murder), 96-04450 (aggravated robbery), and 96-04451 (aggravated robbery).  He argued that the trial court should have aligned his sentences consecutively because Tennessee Code Annotated section 40-20-111(b) mandates consecutive sentences when a defendant commits a felony while the defendant is released on bail and the defendant is convicted of both offenses.  However, the trial court summarily dismissed appellant's Rule 36.1 motion on April 4, 2014.  Appellant now argues that the trial court erred by summarily dismissing his motion.

In 2013, the Tennessee General Assembly promulgated Rule 36.1, which provides, in part:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all

---

[1] We are unable to determine when this motion was filed in the trial court because the motion was not stamped with a file date.

[2] We note that appellant stated in his brief that he was convicted of aggravated robbery in case number 95-07661; however, in its order, the trial court stated that appellant's conviction was for attempted aggravated robbery, and appellant's guilty plea submission petition states that the conviction was for attempted robbery.  Furthermore, the judgment for this conviction is not in the record because Rule 36.1 does not mandate that appellant attach such supporting documents to prove that he has stated a colorable claim. We have opted to use the trial court's recitation of the conviction in case number 95-07661.  In the body of the opinion, we have associated appellant's case numbers with his guilty-pleaded convictions rather than his indicted offenses.

parties waive the hearing.

. . . .

The legislature also amended Tennessee Rule of Appellate Procedure 3(b) to provide both the State and appellant with an appeal as of right from "an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure." Therefore, Rule 36.1 provided a new appeal as of right for individuals who had received an illegal sentence.

The trial court summarily dismissed appellant's motion, stating that appellant's sentence had expired seven years prior to the motion and that the trial court did not have jurisdiction to address the motion. The trial court opined that Rule 36.1 did not apply to expired sentences. The trial court reasoned that because appellant's sentence was expired, appellant was "no longer a defendant" and that pursuant to Rule 36.1, only "the defendant or the State" may seek to correct an illegal sentence. The trial court also stated that the general assembly had removed relief from persons who had received concurrent sentencing when a statute mandated consecutive sentencing, s*ee* Tenn. Code Ann. § 29-21-101(b)(1), and that the intent of Rule 36.1 "was not to undo that change and open all these cases to attack."

However, we note that Rule 36.1 states that a defendant "may, *at any time*, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a) (emphasis added). Therefore, even though appellant's original sentence had expired, appellant may still seek correction of that sentence if he states a colorable claim.[3] *But see State v. Adrian R. Brown*, No. E2014-00673-CCA-R3-CD, 2014 WL 5483011 (Tenn. Crim. App. Oct. 29, 2013) (determining that once an appellant's sentence has expired any challenge to the sentence would be moot and not justiciable). Therefore, because of the plain language within the rule, the trial court had jurisdiction to address appellant's claims, and appellant was a "defendant" within the meaning of Rule 36.1.

Pursuant to Rule 36.1, appellant would be entitled to a hearing and appointment of counsel if he stated a colorable claim for relief. Tenn. R. Crim. P. 36.1(b); *see Marcus Deangelo Lee v. State*, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *6 (Tenn. Crim. App. Mar. 7, 2014). Because Rule 36.1 does not define "colorable claim," we have

---

[3] We recognize that similar relief under habeas corpus is only available when a defendant is "imprisoned or restrained of liberty." Tenn. Code Ann. § 29-21-101. Therefore, if a defendant has already served and been released from any restraints on his liberty, he may not challenge his conviction. *Hickman v. State*, 153 S.W.3d 16, 22-24 (Tenn. 2004). However, there is no such limitation within Rule 36.1.

adopted the definition of a colorable claim used in the context of post-conviction proceedings from Tennessee Supreme Court Rule 28 § 2(H): "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief . . . ."[4]  *State v. Omar Robinson*, No. E2014-00393-CCA-R3-CD, 2014 WL 5393240, at *2 (Tenn. Crim. App. Oct. 22, 2014); *State v. David Morrow*, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App. Aug. 13, 2014); *State v. Mark Edward Greene*, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App. July 16, 2014).

Taking all of appellant's assertions as true and viewing them in the light most favorable to him, we have determined that appellant has presented a colorable claim for relief from an illegal sentence because appellant alleges that he committed the felony offenses of attempted second degree murder and aggravated robbery in case numbers 96-04448 – 96-04451 while released on bail in case numbers 95-07660 – 95-07662 but nonetheless received concurrent sentences.  Tennessee Code Annotated section 40-20-111(b) states:

> In any case in which a defendant commits a felony while the defendant was released on bail in accordance with chapter 11, part 1 of this title, and the defendant is convicted of both offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that the sentences be served cumulatively.

*See also* Tenn. R. Crim. P. 32(c)(3)(C) (mandating consecutive sentences when a defendant commits a felony while the defendant is released on bail, and the defendant is convicted of both offenses).  The State concedes that appellant has stated a colorable claim that his sentences are illegal, and we agree.

Furthermore, while Tennessee Code Annotated section 29-21-101(b)(1) removed habeas corpus relief for individuals who received "concurrent sentencing where there was a statutory requirement for consecutive sentencing," there is no such limitation within Rule 36.1.  *See Marcus Deangelo Lee*, 2014 WL 902450, at *6.  Absent the promulgation of an amendment or exception to Rule 36.1, we cannot construe the habeas corpus statute as a limitation on Rule 36.1 claims.

---

[4] "We note that in contrast to the requirements to survive summary dismissal of a habeas corpus claim, Rule 36.1 requires a defendant to state a colorable claim in his motion but does not require that he attach supporting documents." Tenn. R. Crim. P. 36.1; *State v. Brandon Rollen*, No. W2012-01513-CCA-R3-CD, slip op. at 6 (Tenn. Crim. App. Sept. 11, 2013); *see George William Brady v. State*, No. E2013-00792-CCA-R3-PC, 2013 WL 6729908, at *6 (Tenn. Crim. App. Dec. 19, 2013) ("Under the liberal terms of Rule 36.1, the petitioner's raising a colorable claim would entitle him to the appointment of counsel and a hearing on his claim, even without any documentation from the underlying record to support his claim.").

Having determined that appellant's motion presents a colorable claim for relief under Rule 36.1, we must remand this matter to the trial court. By its very language, Rule 36.1 requires that once appellant has stated a colorable claim, he must be afforded counsel if indigent, and the trial court must hold a hearing on the motion unless waived by all the parties. *See* Tenn. R. Crim. P. 36.1(b). Accordingly, we remand this cause for proceedings consistent with this opinion.

## CONCLUSION

Based on the parties' briefs, the record, and the applicable law, we reverse the trial court's judgment and remand for proceedings consistent with this opinion.

_____
ROGER A. PAGE, JUDGE