IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 21, 2015

STATE OF TENNESSEE v. YUELL FRANK REEVES

Appeal from the Criminal Court for Hamilton County
No. 183558, 183785, 183905     Rebecca J. Stern, Judge
_____

No. E2015-00031-CCA-R3-CD – Filed October 30, 2015
_____

Yuell Frank Reeves ("the Defendant") appeals the Hamilton County Criminal Court's summary dismissal of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. In September 1990, the Defendant was sentenced to four years for burglary, an offense which the Defendant committed in May 1990 ("the May offense"). In November 1990, the Defendant pleaded guilty to two additional burglaries committed in June and July 1990 ("the June/July offenses") and received an effective four-year sentence which was ordered to run concurrently with the four-year sentence for the May offense. Approximately twenty-four years later, the Defendant filed a Rule 36.1 motion seeking to set aside his plea alleging he was released on bail for the May offense when he committed the June/July offenses. The Defendant asserts that the trial court erred by summarily dismissing his motion, and the State concedes that the case should be remanded for a hearing. Upon review, we affirm the judgment of the trial court summarily dismissing the Rule 36.1 motion as to the May offense and reverse the judgment summarily dismissing the motion as to the June/July offenses and remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed in Part, Reversed in Part, and Remanded**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, CAMILLE R. MCMULLEN, J., concurred in results only, and ROGER A. PAGE, J., filed a separate concurring opinion.

Yuell Frank Reeves, Memphis, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Senior Counsel; and William H. Cox, III, District Attorney General, for the Appellee, State of Tennessee.

## OPINION
### Background

The technical record before us is limited. However, from the record we can glean that on September 12, 1990, the Hamilton County Grand Jury indicted the Defendant in case number 183558 for a burglary committed on May 31, 1990. On September 17, 1990, the Defendant pleaded guilty to burglary in case number 183558 and, pursuant to a plea agreement, received a sentence of four years' incarceration. The judgment of conviction shows that the Defendant received pretrial jail credit from September 6, 1990, through September 17, 1990.

On September 26, 1990, the grand jury indicted the Defendant, in case number 183785, for a burglary committed on July 13, 1990 and, in case number 183905, for a burglary committed on June 16, 1990. On November 15, 1990, the Defendant pleaded guilty to the new burglary charges, and pursuant to a plea agreement, the trial court sentenced the Defendant to concurrent four-year sentences. The judgment for case number 183785 shows the Defendant's four-year sentence was to be served concurrently with the Defendant's sentences in case numbers: 178409, 183558, 183454, 181365, 183557, and 183787. The judgment in case number 183905 shows that the four-year sentence was to be served consecutively to the Defendant's sentence in case number 181365[1]. Both judgments provided pretrial jail credit from July 27, 1990, through November 16, 1990.

On July 1, 2014, the Defendant, who is presently an inmate at the Federal Correction Institution in Memphis, filed a pro se motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. In his motion, the Defendant alleged that he committed the burglary offenses in case numbers 183785 and 183905 while he was released on bail in case number 183558 and, as such, the trial court was required to impose consecutive sentencing. The Defendant asserted that his concurrent sentences were in direct contravention of Tennessee Code Annotated section 40-20-111(b) and were therefore illegal.

---

[1] Additionally, it appears that case number 181365 was ordered to run consecutively to the Defendant's sentence in case number 178409. However, the record contains no information about the length of the Defendant's sentences in case numbers 181365 and 178409.

On July 29, 2014, the trial court entered an order summarily denying the Defendant's motion with respect to case 183558, noting that the Defendant had not alleged any illegality in the sentence in that case. As to case numbers 183785 and 183905, the trial court found that the Defendant had alleged an illegality in his sentences but had failed to "allege the non-expiration of those *apparently expired sentences*." (Emphasis added). The trial court gave the State thirty days to respond to the Defendant's claims as they related to case numbers 183785 and 183905.[2] On December 8, 2014, the trial court entered a final order dismissing the Defendant's Rule 36.1 motion without a hearing. As to case numbers 183785 and 183905, the trial court found that the sentences had expired and that there was no post-expiration relief available under Rule 36.1. The Defendant then filed a timely appeal.

## Analysis

On appeal, the Defendant contends that the trial court erred in summarily dismissing his motion to correct an illegal sentence. The State agrees that the trial court erred in summarily dismissing the motion.

Historically, an illegal sentence could only be challenged through habeas corpus or post-conviction proceedings. See Hickman v. State, 153 S.W.3d 16, 19 (Tenn. 2004). Because of the one-year statute of limitations applicable to post-conviction petitions, challenges to expired illegal concurrent sentences were in most cases commenced by filing a petition for writ of habeas corpus in the county in which the defendant was incarcerated. See Tenn. Code Ann. §§ 29-21-101, -105, -107. In 2009, the general assembly amended the grounds for which a writ of habeas corpus may be sought when it added subsection (b) to Tennessee Code Annotated section 29-21-101, which provides in pertinent part:

> (b) Persons restrained of their liberty pursuant to a guilty plea and negotiated sentence are not entitled to the benefits of this writ on any claim that:
>
>> (1) The petitioner received concurrent sentencing where there was a statutory requirement for consecutive sentencing[.]

In 2013, the Tennessee General Assembly promulgated Rule 36.1 to provide a new mechanism for a defendant or the State to seek to correct an illegal sentence. See Tenn. R. Crim. P. 36.1, Advisory Comm'n Cmts. Rule 36.1 provides in part:

---

[2] Following the trial court's first order, the State did not file a response to the Defendant's motion, and no additional proof was presented to the court.

(a) Either *the defendant or the state may, at any time*, seek the correction of *an illegal sentence* by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, *an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute*.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. *If the motion states a colorable claim* that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which *the court shall hold a hearing* on the motion, unless all parties waive the hearing.

(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

(2) *If the court determines that the sentence is an illegal sentence*, the court shall then determine *whether the illegal sentence was entered pursuant to a plea agreement.* If not, the court shall enter an amended uniform judgment document, *see* Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(3) If the illegal sentence was entered pursuant to a plea agreement, *the court shall determine whether the illegal provision was a material component of the plea agreement.* If so, the court *shall give the defendant an opportunity to withdraw his or her plea.* If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

(4) If the illegal sentence was entered pursuant to a plea agreement, and if the court finds that the illegal provision was not a material component of the plea agreement, then the court shall enter an amended uniform judgment document setting forth the correct sentence.

Tenn. R. Crim. P. 36.1(a)-(c) (2013) (emphasis added).[3]

In this case, the Defendant alleges that because he committed the June/July offenses (case numbers 183785 and 183905) while he was released on bail for the May offense (case number 183558), the trial court was required by statute to impose consecutive sentences. Specifically, the Defendant cites to Tennessee Code Annotated section 40-20-111(b), which provides:

> In any case in which a defendant commits a felony while the defendant was released on bail in accordance with the provisions of chapter 11, part 1 of this title, and the defendant is convicted of both offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that the sentences be served cumulatively.

Tenn. Code Ann. § 40-20-111(b) (1990). The trial court found that the Defendant had alleged an illegality in his sentences in case number 183785 and 183905, but it concluded that the sentences in those cases had expired and there was no post-expiration availability of relief under Rule 36.1.

Most of the earlier opinions of our court reversed the summary dismissal of a Rule 36.1 motion, especially those alleging an illegal concurrent sentence, and remanded those cases to the trial court for a hearing, usually with the concession from the State that the summary dismissal was in error. See State v. Donald Terrell, W2014-00340-CCA-R3-CO, 2014 WL 6883706, at *3 n.2. However, in State v. Adrian R. Brown, a Rule 36.1 case involving pretrial jail credits, a panel of this court relied on habeas corpus case law to affirm the summary dismissal of a Rule 36.1 motion where the record established that the illegal sentence was fully served. No. E2014-00673-CCA-R3-CD, 2014 WL 5483011, at *5-6 (Tenn. Crim. App. Oct. 29, 2014), perm. app. granted (Tenn. May 15, 2015). The court concluded that, once the defendant's sentence had expired, any challenge to the sentence would be moot and not justiciable. Id.

Since the issuance of Adrian R. Brown, our court has been divided on the application of Rule 36.1, resulting in opinions reaching different results in similar cases. In addition, several dissenting and concurring opinions have been filed in Rule 36.1 cases. Some opinions hold that if the effective sentence entered pursuant to a plea

---

[3] It is not clear from the legislative history whether Rule 36.1 was adopted with the intent to fill a void created by the 2009 amendment of Tennessee Code Annotated section 29-21-101. However, in the context of an illegal concurrent sentence, it is difficult to imagine that the intent of Rule 36.1 was to allow a plea entered pursuant to a plea agreement to be withdrawn years, and often decades, after the entire effective sentence, not just the illegal concurrent sentence, had been fully served and had expired.

bargain included an illegal concurrent sentence that was a material component of the plea, then a Rule 36.1 movant can withdraw his or her plea even when the entire sentence has been fully served and has expired. See State v. Omar Robinson, No. E2014-00393-CCA-R3-CD, 2014 WL 5393240, at *2 (Tenn. Crim. App. Oct. 22, 2014) (determining that although the defendant's original sentence had expired, the defendant could still seek correction of that sentence under Rule 36.1), no perm. app. filed. Other opinions hold that, if the illegal sentence has been fully served and has expired, "any challenge to the sentence would be moot and not justiciable." Adrian R. Brown, 2015 WL 4240256, at *3; see also Philander Butler v. State, No. W2014-01366-CCA-R3-CO, 2015 WL 4240256, at *3 (Tenn. Crim. App. July 14, 2015) (holding that because the defendant had completely served his sentence, there was no longer a remedy that the court could provide to correct any illegality in the sentence).

The problem in this case is that there is no conclusive proof in the record that the Defendant's sentences in case numbers 183785 and 183905 have expired. The record does not establish the length of the Defendant's sentences in case numbers 181365 and 178409 to which the four-year sentences in case numbers 183785 and 183905 were aligned consecutively. The trial court did not make any specific factual findings on this issue, and the record does not otherwise establish that the Defendant's four-year sentences have been fully served, even though it is clear they were imposed by the trial court over twenty-four years ago. Additionally, it is not clear from the record when the Defendant was arrested and made bail on the burglary charge in case number 183558.[4]

So, taking the Defendant's assertions in the motion as true and viewing them in the light most favorable to him, the Defendant committed two felony offenses while released on bail for a felony and received concurrent sentences, in direct contravention of Tennessee Code Annotated section 40-20-111. We therefore conclude that the Defendant's motion presents a colorable claim that his sentences in case numbers 183785 and 183905 were illegal. See Donald Terrell, 2014 WL 6883706, at *4.

On remand, the trial court should determine indigency and, if necessary, appoint counsel for the Defendant. Tenn. R. Crim. P. 36.1(b). The trial court should conduct a hearing unless all parties waive the hearing. Id. The Defendant will bear the burden at that hearing to prove he was on bail for a felony when he committed the subsequent

---

[4] The judgment of conviction in case number 183558 only provides pretrial jail credit from September 6, 1990, to September 17, 1990. This seems to contradict the Defendant's claim that he had been arrested and released on bail for this offense prior to his committing the burglary offense in case number 183905 on June 16, 1990. Based on the judgments in these cases, it seems unusual that the Defendant would have received pretrial jail credit from July 27 through November 15, 1990, for the June/July offenses and pretrial jail credit from September 6 through September 17, 1990, for the May offenses, if he was on bail for the May offenses when he committed the June/July offenses.

felony.  If he was not on bail for the May offenses when he committed the June/July offenses, there is no illegal sentence and the motion should be dismissed.  If he was on bail, the trial court should then determine if the sentence has been fully served and has expired.  If the sentence has expired, then the motion is moot and should be dismissed.  If the sentence has not expired, the trial court should determine whether the illegal concurrent sentence was a material component of the plea.  See Tenn. R. Crim. P. 36.1(c)(3).  If the illegal concurrent sentence was a material component, the Defendant should be provided an opportunity to withdraw the plea.  Id.

As to case number 183558, the Defendant does not argue, nor does the record reflect, any illegality as to the sentence imposed.  Accordingly, we affirm the trial court's summary dismissal of the Defendant's Rule 36.1 motion as to this case number.

## Conclusion

For the aforementioned reasons, the judgment of the trial court is affirmed in part and reversed in part, and the case is remanded for further proceedings consistent with this opinion.

_____
ROBERT L. HOLLOWAY, JR., JUDGE