IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 7, 2016

**STATE OF TENNESSEE v. JEROME WALL**

**Appeal from the Criminal Court for Shelby County**
**Nos. 91-09143, 91-07725       John Wheeler Campbell, Judge**
_____

**No. W2016-00169-CCA-R3-CD  -  Filed January 18, 2017**
_____

The Appellant, Jerome Wall, filed a motion to correct an illegal sentence in the Shelby County Criminal Court pursuant to Tennessee Rule of Criminal Procedure 36.1.  The trial court denied the motion, and the Appellant appeals the ruling.  Based upon our review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., joined.

Vicki M. Carriker, Memphis, Tennessee, for the appellant, Jerome Wall.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Amy P. Weirich, District Attorney General; and George Kirby May, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

The record reflects that the Appellant was arrested for robbery on January 2, 1991, and aggravated robbery on May 21, 1991.  On August 21, 1992, he pled guilty to the offenses and was sentenced to concurrent sentences of three years and ten years, respectively.

On November 19, 2013, the Appellant filed a motion to correct an illegal sentence pursuant to Rule 36.1, Tennessee Rules of Criminal Procedure, arguing that his effective ten-year sentence was illegal because he was on bond for robbery when he committed aggravated robbery.  Thus, he was required to serve the sentences consecutively.  See

Tenn. Code Ann. § 40-20-111(b); Tenn. R. Crim. P. 32(c)(3)(C). On April 7, 2014, the trial court summarily dismissed the motion on the basis that the Appellant's sentences had expired.

The Appellant appealed the dismissal to this court. The State conceded on appeal that the concurrent sentencing was illegal and that the Appellant was entitled to a hearing. This court concluded that the Appellant had presented a colorable claim for relief from an illegal sentence and remanded the case to the trial court for a hearing in which "the trial court must address the legality of the appellant's convictions and determine whether an illegal provision was a material component of the plea agreement." State v. Jerome Wall, No. W2014-00782-CCA-R3-CO, 2014 WL 7332113, at *3 (Tenn. Crim. App., at Jackson, Dec. 23, 2014).

On November 12, 2015, the trial court held the hearing on the motion. During the hearing, the Appellant testified that the only reason he pled guilty to robbery and aggravated robbery was because he was to serve the ten- and three-year sentences concurrently. He stated, "That was the only thing really bargained for. . . . [N]othing was reduced, nothing was dismissed." He said that the State had offered to let him plead guilty to consecutive ten- and three-year sentences but that he rejected that offer. On cross-examination, the Appellant testified that he currently was serving a sentence of life without parole in Mississippi for possession of marijuana.[1]

On December 18, 2015, the trial court filed a written order denying the Appellant's Rule 36.1 motion. In the order, the court found that the Appellant "clearly was on bond" for the first offense when he committed the second offense and that concurrent sentencing was illegal. However, the court did not address whether the concurrent sentencing was a material component of the Appellant's guilty pleas. Instead, the court, citing State v. Brown, 479 S.W.3d 200, 205 (Tenn. 2015), again ruled that the Appellant was not entitled to relief because his sentences had expired.

## II. Analysis

The Appellant contends that the trial court erred by denying his Rule 36.1 motion because the trial court ignored this court's directive to determine whether he was entitled to relief based upon concurrent sentencing being a material component of his guilty pleas. He concedes our supreme court's holding in Brown that Tennessee Rule of Criminal Procedure 36.1 does not authorize the correction of expired illegal sentences and that his sentences have expired. However, he argues that Brown "is not based on thorough

---

[1] The record reflects that the Appellant was prosecuted in Mississippi as a habitual offender based upon his two convictions in Tennessee.

policy," that Rule 36.1 motions and habeas corpus proceedings are "different animals," and that the denial of Rule 36.1 motions on the basis of expired sentences violates a defendant's right to due process. The State argues that the trial court properly denied the Rule 36.1 motion on the basis that the sentences had expired. We agree with the State.

Historically, "two distinct procedural avenues [were] available [in Tennessee] to collaterally attack a final judgment in a criminal case—habeas corpus and post-conviction petitions." Hickman v. State, 153 S.W.3d 16, 19 (Tenn. 2004). However, "Rule 36.1 was adopted, effective July 1, 2013, with its express purpose 'to provide a mechanism for the defendant or the State to seek to correct an illegal sentence.'" Brown, 479 S.W.3d at 210-11 (quoting Tenn. R. Crim. P. 36.1, Advisory Comm'n Cmt.).

At the time the Appellant filed his Rule 36.1 motion, Tennessee Rule of Criminal Procedure 36.1, provided, in part:

> Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

Tenn. R. Crim. P. 36.1(a) (2013). Several weeks after the evidentiary hearing in the instant case, though, our supreme court determined that Tennessee Rule of Criminal Procedure 36.1 did not authorize the correction of expired illegal sentences. Brown, 479 S.W.3d at 205. Moreover, Rule 36.1 was recently amended to delete "at any time" and to add that "a motion to correct an illegal sentence must be filed before the sentence set forth in the judgment order expires." Tenn. R. Crim. P. 36.1(a) (2016).

Here, the record reflects that the Appellant received his effective ten-year sentence more than twenty-four years ago, and he acknowledges that the sentence expired well-before he filed his Rule 36.1 motion. Therefore, while we can appreciate his due process argument, the Tennessee Supreme Court has spoken to the issue. Accordingly, we conclude that the trial court did not err by summarily dismissing the Rule 36.1 motion.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA MCGEE OGLE, JUDGE